UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                                )
Conservation Law Foundation, Inc.,            )
                                                                )       Case No. _____
            Plaintiff,                                        )
                                                                )       **COMPLAINT FOR**
            v.                                                 )       **DECLARATORY AND INJUNCTIVE**
                                                                )       **RELIEF AND CIVIL PENALTIES**
Academy Bus, LLC and Academy           )
Express, LLC,                                          )
                                                                )
            Defendants.                                    )       (Clean Air Act, 42 U.S.C. §§ 7401, *et seq.*)
_____)

## INTRODUCTION

1.        This is a citizen enforcement suit brought by Plaintiff, Conservation Law Foundation,

Inc. ("Plaintiff" or "CLF"), on behalf of its individual members, to redress and prevent Clean Air

Act violations that negatively affect the health and lives of Massachusetts residents by repeatedly

exposing them to harmful air pollutants.

2.        Defendants Academy Bus, LLC and Academy Express, LLC (collectively "Academy" or

"the Academy companies") own, operate, and/or manage a fleet of vehicles that travel and are

housed in and around the Commonwealth of Massachusetts.

3.        Defendants have repeatedly violated, are violating, and continue to violate the Clean Air

Act ("CAA" or "Act") and the Massachusetts State Implementation Plan ("SIP"), specifically,

the Massachusetts motor vehicle idling limits contained within the federally enforceable

Massachusetts SIP.

4.        Upon information and belief, Defendants have, on numerous occasions, caused, suffered,

allowed, and/or permitted the idling of motor vehicles in excess of the five-minute time period

1

allowed by 310 C.M.R. § 7.11(1)(b), and not in accordance with any exceptions listed in 310 C.M.R. § 7.11(1)(b)(1), (2), or (3).

5.      Academy has not taken any actions sufficient to prevent future violations of the type alleged in this Complaint.

6.      Absent an appropriate order from this Court, Defendants are likely to repeat their violations of the Act as described below. Plaintiff intends this action to encompass post-Complaint violations of the types alleged in the Complaint.

## THE CITIZEN SUIT PROVISION OF THE CLEAN AIR ACT

7.      Congress has declared that the purpose of the Clean Air Act is "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

8.      In the "citizen suit" provision of the Act, Congress authorized any person to commence a civil action against any person who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of an emission standard or limitation under the Act. 42 U.S.C. § 7604(a)(1).

9.      The Act's definition of an "emission standard or limitation" includes any standard or limitation established "under any applicable State implementation plan approved by the Administrator" (42 U.S.C. § 7604(f)(4)).

10.      The Act directs each state or local air pollution control agency to develop a State Implementation Plan that describes how it will achieve and maintain compliance with National Ambient Air Quality Standards ("NAAQS") set by the United States Environmental Protection Agency ("EPA") to protect human health and the environment. 42 U.S.C. § 7407(a).

11.     Standards or limitations established under any EPA-approved SIP are enforceable by citizens under the Act. 42 U.S.C. § 7604(f)(4).

12.     The Commonwealth of Massachusetts has an EPA-approved SIP that includes regulation 310 C.M.R. § 7.11(1)(b) (the "Massachusetts idling regulation"), which prohibits the unnecessary operation of the engine of a motor vehicle while the vehicle is stopped for a period of time in excess of five minutes. 40 C.F.R. § 52; 37 Fed. Reg. 23,085.

13.     In this action, Plaintiff alleges Academy has violated the Massachusetts idling regulation.

14.     The Clean Air Act's citizen suit provision provides the district courts of the United States with jurisdiction to "enforce" emission standards and limitations under the Act, and to impose an appropriate civil penalty on the violator of those emissions standards and limitations. 42 U.S.C. § 7604(a).

## PARTIES

Conservation Law Foundation, Inc.

15.     Plaintiff, Conservation Law Foundation, Inc. ("CLF"), is a nonprofit, member-supported, regional organization dedicated to protecting New England's environment.

16.     CLF is incorporated under the laws of Massachusetts with a principal place of business at 62 Summer Street, Boston, MA 02110.

17.     CLF has over 5,000 members, including 2,787 members in Massachusetts.

18.     CLF's mission includes safeguarding the health and quality of life of New England communities facing the adverse effects of air pollution.

19.     CLF's members include individuals who live and recreate near the locations where vehicles owned, operated, and/or managed by Academy idle in excess of five minutes.

20.     The health, well-being, quality of life, and enjoyment of CLF members are harmed by Defendants' violations of the CAA.

21.     "Person" in the CAA is defined to include "corporations." 42 U.S.C. § 7602(e).

22.     CLF is a corporation and thus a "person" under the CAA.

Academy Bus, LLC

23.     Academy Bus, LLC is a corporation organized under the laws of the state of New Jersey.

24.     Academy Bus, LLC is headquartered at 111 Paterson Avenue, Hoboken, NJ 07030.

25.     Academy Bus, LLC does business within the Commonwealth of Massachusetts.

26.     Academy Bus, LLC is a bus company that provides local bus services, line-run services, and contract and charter service from Massachusetts to Florida, including between Boston, New York City, New Jersey, and Miami.

27.     Academy Bus, LLC has three subsidiaries, one of which is Academy Express, LLC.

Academy Express, LLC.

28.     Academy Express, LLC is a corporation organized under the laws of the state of New Jersey and is a subsidiary of Academy Bus, LLC.

29.     Academy Bus, LLC provides transportation services through its own buses, as well as through buses owned and/or operated by Academy Express, LLC.

30.     Academy Express, LLC is headquartered at 111 Paterson Avenue, Hoboken, NJ 07030.

31.     Academy Express, LLC does business within the Commonwealth of Massachusetts.

32.     Academy Express, LLC operates a shuttle bus service at Boston University, as well as the Go Buses coach bus service.

33.     Defendants are all persons within the meaning of Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## JURISDICTION, VENUE, AND NOTICE

34.     Subject matter jurisdiction is conferred upon this Court by 42 U.S.C. § 7604(a) (CAA citizen suit jurisdictional provision) and 28 U.S.C. § 1331 (federal question jurisdiction).

35.     Venue lies in this District pursuant to 28 U.S.C. § 1391(e) (federal venue provision), because the vehicles owned, operated, managed, and/or overseen by Defendants were documented idling within this District.

36.     Plaintiff gave Defendants notice of the violations alleged in this Complaint more than 60 days prior to commencement of this lawsuit by a letter (the "Notice Letter") mailed to Francis Tedesco, President and Manager of Academy Bus, LLC and Academy Express, LLC. A copy of the Notice Letter is attached as Exhibit 1. The Notice Letter is incorporated by reference herein.

37.      Copies of the Notice Letter were also mailed to the Administrator of EPA, the Regional Administrator of EPA for Region 1, the Massachusetts Department of Environmental Protection (MassDEP) Commissioner, and the EPA Citizen Suit Coordinator.

38.     Each of the addressees identified in the preceding paragraph received the Notice Letter. A copy of each return receipt is attached as Exhibit 2.

39.     The Notice Letter satisfies the pre-suit notice requirements of the CAA, pursuant to 42 U.S.C. § 7604(b).

40.     Neither MassDEP nor EPA has commenced a civil action against Defendants in court to enforce vehicle anti-idling laws.

## STATUTORY AND REGULATORY BACKGROUND

41.     The provisions of the Commonwealth of Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) are part of a federally enforceable SIP approved by EPA under section 110 of the CAA, 42 U.S.C. § 7410. 40 C.F.R. § 52; 37 Fed. Reg. 23,085.

42.    The Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) provides:

No person shall cause, suffer, allow, or permit the unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five minutes. 310 CMR 17.11 shall not apply to:

1. vehicles being serviced, provided that operation of the engine is essential to the proper repair thereof, or

2. vehicles engaged in the delivery or acceptance of goods, wares, or merchandise for which engine assisted power is necessary and substitute alternate means cannot be made available, or

3. vehicles engaged in an operation for which the engine power is necessary for an associated power need other than movement and substitute alternate power means cannot be made available provided that such operation does not cause or contribute to a condition of air pollution.

43.    As a federally enforceable SIP under section 113(b) of the Act, 42 U.S.C. § 7413(b), each separate violation of the Massachusetts idling regulation subjects the violator to a penalty of up to $99,681 per day per violation for all CAA violations occurring after November 2, 2015, where penalties are assessed on or after February 6, 2019. 40 C.F.R. §§ 19.2, 19.4.

## FACTUAL BACKGROUND

44.    The buses owned, operated, and/or managed by Defendants make regular stops at multiple locations throughout the Commonwealth of Massachusetts.

45.    Defendants employ vehicles, including diesel-fueled vehicles, to transport individuals around the Commonwealth of Massachusetts.

46.    Diesel-fueled vehicles emit diesel fuel exhaust containing fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants.

47.    Fine particulates have been found to impair lung function, aggravate respiratory illnesses such as asthma, bronchitis, and emphysema, and are associated with premature deaths.

48.     Exposure to $NO_x$ can aggravate respiratory diseases, particularly asthma, and lead to respiratory symptoms such as coughing, wheezing or difficulty breathing.

49.     Longer exposures to elevated concentrations of $NO_x$ may contribute to the development of asthma and potentially increase susceptibility to respiratory infections.

50.     People with asthma, as well as children and the elderly, are generally at greater risk for the health effects of $NO_x$.

51.     Exposure to $SO_2$ can cause respiratory illness, aggravation of asthma, aggravation of existing cardiovascular disease, alteration in pulmonary defenses, and other adverse effects on breathing.

52.     Exposure to high levels of $SO_2$ can cause chronic hypersensitivity to a wide range of respiratory irritant pollutants.

53.     Children, the elderly, and people with asthma, cardiovascular disease, or chronic lung disease (such as bronchitis or emphysema) are particularly susceptible to the adverse effects of $SO_2$.

54.     Benzene is a volatile organic compound ("VOC") and is designated as a Hazardous Air Pollutant under the Act.

55.     Benzene is a known human carcinogen. Benzene exposure can also cause neurological harm in humans and animals.

56.     Exposure to formaldehyde can cause eye, nose, and throat irritation and can harm the nasal cavity.

57.     Other effects seen from exposure to high levels of formaldehyde in humans are coughing, wheezing, chest pains, and bronchitis.

58.     Longer exposures to elevated concentrations of formaldehyde have been associated with respiratory symptoms and eye, nose, and throat irritation.

59.     EPA considers formaldehyde to be a probable human carcinogen (cancer-causing agent).

60.     Defendants cause, suffer, allow, and/or permit the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere from the vehicles that they own, operate, manage, and/or oversee.

61.     Non-diesel, non-electric buses, including ethanol, propane, and compressed natural gas buses, emit harmful air pollutants.

62.     Defendants cause, suffer, allow, and/or permit the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the Newton Go Bus stop located at 335 Grove St., Auburndale, MA 02466 ("Newton Go Bus stop").

63.     Riverside Park, Woodland Golf Club, Leo J. Martin Memorial Golf Course, and Hamilton Field are located within a half mile of the Newton Go Bus stop.

64.     Lower Falls Community Center, Lasell University, Williams Elementary School, and Newton-Wellesley Hospital are located within a half mile of the Newton Go Bus stop.

65.     St. Antoine Daveluy, United Parish of Auburndale, Beacon Community Church, Christ the King Church Newton, St. Mary's Episcopal Church, and Temple Reyim are located within a mile of the Newton Go Bus stop.

66.     According to the 2013-2017 American Community Survey (ACS) data, approximately 3,616 people live within two miles of the Newton Go Bus stop.

67.     Defendants cause, suffer, allow, and/or permit the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the Pond Street lot located at 531 Pond St, Braintree, MA 02184 ("Pond Street lot").

68.     Hollingsworth Park, Fin Fur Feather Conservation Area, and Braintree Municipal Golf Course are located within a half mile of the Pond Street lot.

69.     The Connection Church is located within a half mile of the Pond Street lot.

70.     Braintree Rehabilitation Hospital and Brigham and Women's Hospital are located within a mile of the Pond Street lot.

71.     According to the 2013-2017 American Community Survey (ACS) data, approximately 1,944 people live within two miles of the Pond Street lot.

72.     Defendants cause, suffer, allow, and/or permit the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the shuttle stop located at 33 Harry Agganis Way, Boston, MA 02215 ("Harry Agganis Way shuttle stop").

73.     Magazine Beach Park, Morse School Playground, Nickerson Field, Malvern Field, New Balance Field, Lawton Playground, and Boston University Fitness and Recreation Center are located within a half mile of the Harry Agganis Way shuttle stop.

74.     Boston University, Morse Elementary School, Morse Preschool, Boston University Academy, and Match Charter Public High School are located within a half mile of the Harry Agganis Way shuttle stop.

75.     Symphony Church, City Church Boston, City on a Hill Church Brookline, Mosaic Boston Church, Church of our Saviour, Christ Church Unity Boston, Ruggles Baptist Church, Boston

University Marsh Chapel, Arabic Jumaa Mosque, Chabad of Brookline, Congregation Eiz

Chayim, Congregation Kehillath Israel, and Young Israel of Brookline are located within a mile

of the Harry Agganis Way shuttle stop.

76.     According to the 2013-2017 American Community Survey (ACS) data, approximately

21,977 people live within two miles of the Harry Agganis Way shuttle stop.

77.     Defendants Academy cause, suffer, allow, and/or permit the emission of fine particulates,

nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of

toxic air contaminants into the atmosphere at the Cambridge Go Bus stop located at 5D

Cambridgepark Dr, Cambridge, MA 02140 ("Cambridge Go Bus stop").

78.     Russell Field, Corneau Field, Alewife Brook Reservation, Alewife Brook Pathway,

Thorndike Dog Park, Thorndike Field, Magnolia Park, Magnolia Playground, Arlington

Recreation Community Garden, and Gibbons Park are located within a half mile of the

Cambridge Go Bus stop.

79.     Hardy Elementary School, Matignon High School, Wild Rose Montessori School,

Benjamin Banneker Charter Public School, Peabody Elementary School, International School of

Boston, Fitzgerald Community School, Cambridge Montessori School, and Cambridge Friends

School are located within a mile of the Cambridge Go Bus stop.

80.      Church in Cambridge, Light of Life Church, and the Church of God of the Pilgrim are

located within a half mile of the Cambridge Go Bus stop.

81.     According to the 2013-2017 American Community Survey (ACS) data, approximately

12,554 people live within two miles of the Cambridge Go Bus stop.

82.     The Cambridge Go Bus stop is located within an Environmental Justice area where at

least 25 percent of residents identify as a race other than white, according to the Environmental

Justice layer of the Massachusetts OnLIne ViewER (OLIVER) created in part by the

Massachusetts Bureau of Geographic Information (MassGIS) and available at

maps.massgis.state.ma.us/map_ol/ej.php.

## **DEFENDANTS' VIOLATIONS OF THE CLEAN AIR ACT**

83.     On the dates listed below in separate paragraphs, a CLF investigator observed vehicles

owned, operated, and/or managed by Academy idling in excess of five minutes for the following

amounts of time:

| Paragraph Number | Date | Location of Vehicle | Idling Start Time | Idling End Time | Duration of Idling (mins) | Excess Idling (min) |
|---|---|---|---|---|---|---|
| 84 | 10/29/2019 | Braintree Lot | 6:42 AM | 6:54 AM | 12 min | 7 min |
| 85 | 10/29/2019 | Braintree Lot | 6:57 AM | 7:04 AM | 7 min | 2 min |
| 86 | 10/29/2019 | Braintree Lot | 7:12 AM | 7:21 AM | 9 min | 4 min |
| 87 | 10/30/2019 | Braintree Lot | 5:56 AM | 6:03 AM | 7 min | 2 min |
| 88 | 10/30/2019 | Braintree Lot | 6:03 AM | 6:11 AM | 8 min | 3 min |
| 89 | 10/30/2019 | Braintree Lot | 6:24 AM | 6:46 AM | 22 min | 17 min |
| 90 | 10/30/2019 | 33 Harry Agganis Way | 11:31 AM | 11:41 AM | 10 min | 5 min |
| 91 | 10/30/2019 | 33 Harry Agganis Way | 11:32 AM | 11:41 AM | 9 min | 4 min |
| 92 | 10/30/2019 | 33 Harry Agganis Way | 11:42 AM | 12:01 PM | 19 min | 15 min |
| 93 | 11/1/2019 | Braintree Lot | 7:59 AM | 8:11 AM | 12 min | 7 min |
| 94 | 11/1/2019 | 33 Harry Agganis Way | 10:15 AM | 10:21 AM | 6 min | 1 min |
| 95 | 11/1/2019 | 33 Harry Agganis Way | 10:29 AM | 10:42 AM | 13 min | 8 min |
| 96 | 11/1/2019 | 33 Harry Agganis Way | 10:54 AM | 11:41 AM | 47 min | 42 min |
| 97 | 11/1/2019 | 33 Harry Agganis Way | 11:35 AM | 11:41 AM | 6 min | 1 min |
| 98 | 11/1/2019 | 33 Harry Agganis Way | 11:41 AM | 12:01 PM | 20 min | 15 min |
| 99 | 11/1/2019 | 33 Harry Agganis Way | 11:42 AM | 12:01 PM | 19 min | 14 min |
| 100 | 11/1/2019 | 33 Harry Agganis Way | 12:07 PM | 12:21 PM | 14 min | 9 min |
| 101 | 11/13/2019 | 33 Harry Agganis Way | 10:08 AM | 10:20 AM | 12 min | 7 min |
| 102 | 11/13/2019 | 33 Harry Agganis Way | 10:36 AM | 10:47 AM | 11 min | 6 min |

| 103 | 11/13/2019 | 33 Harry Agganis Way | 10:47 AM | 11:01 AM | 14 min | 9 min |
| 104 | 11/18/2019 | Braintree Lot | 5:17 AM | 5:37 AM | 20 min | 15 min |
| 105 | 11/18/2019 | Braintree Lot | 5:24 AM | 6:27 AM | 63 min | 58 min |
| 106 | 11/18/2019 | Braintree Lot | 5:25 AM | 6:19 AM | 54 min | 49 min |
| 107 | 11/18/2019 | Braintree Lot | 5:26 AM | 7:28 AM | 122 min | 117 min |
| 108 | 11/21/2019 | Newton Go Bus Stop | 8:02 AM | 8:09 AM | 7 min | 2 min |
| 109 | 11/21/2019 | Newton Go Bus Stop | 8:59 AM | 9:07 AM | 8 min | 3 min |
| 110 | 11/21/2019 | 33 Harry Agganis Way | 10:34 AM | 10:54 AM | 20 min | 15 min |
| 111 | 11/21/2019 | 33 Harry Agganis Way | 11:01 AM | 11:18 AM | 17 min | 12 min |
| 112 | 11/21/2019 | 33 Harry Agganis Way | 11:13 AM | 11:23 AM | 10 min | 5 min |
| 113 | 11/21/2019 | 33 Harry Agganis Way | 11:28 AM | 11:35 AM | 7 min | 2 min |
| 114 | 11/21/2019 | 33 Harry Agganis Way | 12:18 PM | 12:33 PM | 15 min | 10 min |
| 115 | 11/25/2019 | Braintree Lot | 6:00 AM | 6:26 AM | 26 min | 21 min |
| 116 | 11/25/2019 | Braintree Lot | 6:01 AM | 6:11 AM | 10 min | 5 min |
| 117 | 11/25/2019 | Braintree Lot | 6:19 AM | 8:56 AM | 2h 37 min | 152 min |
| 118 | 11/25/2019 | Braintree Lot | 6:31 AM | 6:38 AM | 7 min | 2 min |
| 119 | 11/26/2019 | 33 Harry Agganis Way | 10:11 AM | 10:19 AM | 8 min | 3mn |
| 120 | 11/26/2019 | 33 Harry Agganis Way | 10:27 AM | 10:37 AM | 10 min | 5 min |
| 121 | 11/26/2019 | 33 Harry Agganis Way | 10:33 AM | 10:53 AM | 20 min | 15 min |
| 122 | 11/27/2019 | Braintree Lot | 5:19 AM | 5:37 AM | 18 min | 13 min |
| 123 | 11/27/2019 | Braintree Lot | 5:59 AM | 6:27 AM | 28 min | 23 min |
| 124 | 11/27/2019 | Braintree Lot | 6:14 AM | 6:30 AM | 16 min | 11 min |
| 125 | 11/27/2019 | Braintree Lot | 6:16 AM | 6:46 AM | 30 min | 25 min |
| 126 | 11/27/2019 | Cambridge Go Bus Stop | 9:38 AM | 10:00 AM | 23 min | 18 min |
| 127 | 11/27/2019 | Cambridge Go Bus Stop | 10:14 AM | 10:34 AM | 20 min | 15 min |
| 128 | 11/27/2019 | Cambridge Go Bus Stop | 10:42 AM | 10:49 AM | 7 min | 2 min |
| 129 | 11/27/2019 | Cambridge Go Bus Stop | 10:50 AM | 11:06 AM | 16 min | 11 min |
| 130 | 11/27/2019 | Cambridge Go Bus Stop | 11:45 AM | 12:04 PM | 19 min | 14 min |
| 131 | 11/29/2019 | Newton Go Bus Stop | 7:51 AM | 8:11 AM | 20 min | 15 min |
| 132 | 11/29/2019 | Newton Go Bus Stop | 8:48 AM | 9:02 AM | 14 min | 9 min |

| 133 | 11/29/2019 | Newton Go Bus Stop | 9:52 AM | 10:05 AM | 13 min | 8 min |
| 134 | 11/29/2019 | Newton Go Bus Stop | 10:22 AM | 10:32 AM | 10 min | 5 min |
| 135 | 11/29/2019 | Newton Go Bus Stop | 10:50 AM | 11:03 AM | 13 min | 8 min |
| 136 | 11/29/2019 | Newton Go Bus Stop | 12:22 PM | 12:35 PM | 13 min | 8 min |
| 137 | 11/30/2019 | Newton Go Bus Stop | 7:51 AM | 8:01 AM | 10 min | 5 min |
| 138 | 11/30/2019 | Newton Go Bus Stop | 8:48 AM | 9:02 AM | 14 min | 9 min |
| 139 | 11/30/2019 | Newton Go Bus Stop | 10:18 AM | 10:38 AM | 20 min | 15 min |
| 140 | 11/30/2019 | Newton Go Bus Stop | 10:53 AM | 11:02 AM | 9 min | 4 min |
| 141 | 11/30/2019 | Newton Go Bus Stop | 12:17 PM | 12:31 PM | 14 min | 9 min |
| 142 | 11/30/2019 | Newton Go Bus Stop | 12:51 PM | 1:02 PM | 11 min | 6 min |
| 143 | 11/30/2019 | Newton Go Bus Stop | 1:22 PM | 1:31 PM | 9 min | 4 min |
| 144 | 11/30/2019 | Newton Go Bus Stop | 2:20 PM | 2:39 PM | 19 min | 14 min |
| 145 | 11/30/2019 | Newton Go Bus Stop | 2:43 PM | 2:49 PM | 6 min | 1 min |

146.    Plaintiff believes that additional information from other sources not yet publicly available will reveal additional violations.

## PLAINTIFF AND ITS MEMBERS ARE HARMED BY DEFENDANTS' CLEAN AIR ACT VIOLATIONS

147.    Plaintiff's members live, rent, own property, study, attend school, use transit, and/or spend time shopping, recreating, and conducting activities near the locations where vehicles owned, operated, managed, and/overseen by Academy were observed idling.

148.    Plaintiff's members reside in and around Boston, Massachusetts.

149.    Plaintiff's members breathe the emissions and air pollutants that Defendants cause, suffer, allow, or permit to be emitted from vehicles they own, operate, and/or manage.

150.    Plaintiff's members can see air pollution coming from vehicles owned, operated, managed, and/or overseen by Defendants.

151.    Plaintiff's members who live near and spend time at the parks, playgrounds, places of worship, cultural centers, transit stations, hospitals, and/or educational institutions near the locations where vehicles owned, operated, managed, and/or overseen by Defendants were observed idling have asthma, experience trouble breathing and/or suffer from other respiratory symptoms.

152.    Plaintiff's members are reasonably concerned about inhaling carcinogens and other pollutants emitted by vehicles owned, operated, managed, and/or overseen by Defendants.

153.    Plaintiff's members want to breathe as little air pollution from vehicles owned, operated, managed, and/or overseen by Defendants as possible.

154.    Plaintiff's members are reasonably concerned that the emissions released from vehicles owned operated, managed, and/or overseen by Defendants have harmed, continue to harm and threaten, and will harm and threaten their health, well-being, quality of life, and enjoyment, as well as that of their families.

155.    The greater the exposure to particulate matter, nitrogen oxides, sulfur dioxide, benzene, and formaldehyde, and the higher the levels of exposure, the more health and well-being are compromised.

156.    The actual and threatened harm to Plaintiff's members would be redressed by an injunction, civil penalty, and other relief that prevents or deters future violations of the Act by the Defendants, and that requires the Defendants to offset their pollution from these violations by reducing their pollution, or otherwise remediating harm that has already been caused to Plaintiff's members and their local communities.

## CLAIM FOR RELIEF

**Cause of Action:**
**Violation of Massachusetts Idling Regulation**

157.    Plaintiff incorporates the allegations contained in the above paragraphs as though fully

set forth herein.

158.    The Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) prohibits "the

unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a

foreseeable period of time in excess of five minutes."

159.    A bus, including the shuttle buses at issue here, is defined as a "motor vehicle" under 310

C.M.R. § 7.00.

160.    The Defendants caused, suffered, allowed, and/or permitted motor vehicles to operate

unnecessarily while those vehicles were stopped for a foreseeable period of time in excess of five

minutes. The operation of the engines of vehicles owned, operated, managed, and/or overseen by

Defendants did not occur within any exceptions listed in 310 C.M.R. § 7.11(1)(b)(1), (2) or (3).

161.    Therefore, the Defendants violated 310 C.M.R. § 7.11(1)(b), an applicable SIP provision,

numerous times during October, and November of 2019.

162.    Pursuant to section 113(b) of the Act, 42 U.S.C. § 7413(b), and 40 C.F.R. §§ 19.2, 19.4,

Defendants are liable for a civil penalty of up to $99,681 per day for each violation that occurred

after November 2, 2015, where penalties are assessed on or after February 6, 2019.

## RELIEF REQUESTED

163.    Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

        (a) Declare Defendants to have violated and to be in violation of 310 C.M.R. §

        7.11(1)(b) for causing, suffering, allowing and/or permitting motor vehicles to

operate unnecessarily while those vehicles were stopped for a foreseeable period of time in excess of five minutes;

(b) Permanently enjoin the Defendants from causing, suffering, allowing, or permitting the idling of any motor vehicles in violation of 310 C.M.R. § 7.11(1)(b);

(c) Order Defendants to comply fully and immediately with 310 C.M.R. § 7.11(1)(b);

(d) Order Defendants to pay civil penalties of $99,681 per day for each violation for all CAA violations that occurred after November 2, 2015 and that are assessed on or after February 6, 2019;

(e) Order Defendants to take appropriate actions to remedy harm caused by Defendants' noncompliance with the Clean Air Act;

(f) Award Plaintiff's costs (including reasonable investigative, attorney, witness, and consultant fees) as permitted by Section 304 (d) of the Clean Air Act, 42 U.S.C. § 7406(d); and

(g) Award any such other and further relief as the Court may deem appropriate.

Respectfully submitted this 8th day of January, 2020,

CONSERVATION LAW FOUNDATION, INC.,

By its attorneys,

*/s/ Heather A. Govern*
Heather A. Govern, Esq.
MA Bar No. 686281
Conservation Law Foundation
62 Summer Street
Boston, MA 02110
(617) 850-1765
hgovern@clf.org