UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Conservation Law Foundation, Inc., | ) | |
| | ) | Case No. 1:20-cv-10032-DPW |
| Plaintiff, | ) | |
| | ) | **AMENDED COMPLAINT FOR** |
| v. | ) | **DECLARATORY AND INJUNCTIVE** |
| | ) | **RELIEF AND CIVIL PENALTIES** |
| | ) | |
| Academy Express, LLC, | ) | |
| | ) | |
| Defendant. | ) | (Clean Air Act, 42 U.S.C. §§ 7401, *et seq.*) |
| | ) | |

## INTRODUCTION

1.      This is a citizen enforcement suit brought by Plaintiff, Conservation Law Foundation, Inc. ("Plaintiff" or "CLF"), on behalf of its individual members, to redress and prevent Clean Air Act violations that negatively affect the health and lives of Massachusetts and Connecticut residents by repeatedly exposing them to harmful air pollutants.

2.      Defendant Academy Express, LLC ("Academy") owns, operates, and/or manages a fleet of vehicles that travel and are housed in and around the Commonwealth of Massachusetts and the State of Connecticut.

3.      Defendant has repeatedly violated, is violating, and continues to violate the Clean Air Act ("CAA" or "Act"), the Massachusetts State Implementation Plan ("MA SIP"), and the Connecticut State Implementation Plan ("CT SIP"), specifically, the motor vehicle idling limits contained within the federally enforceable Massachusetts and Connecticut SIPs.

4.      Upon information and belief, Defendant has, on numerous occasions, caused, suffered, allowed, and/or permitted the idling of motor vehicles in excess of the five-minute time period

allowed by 310 C.M.R. § 7.11(1)(b), and not in accordance with any exceptions listed in 310 C.M.R. § 7.11(1)(b)(1), (2), or (3).

5.      Upon information and belief, Defendant has on numerous occasions, caused and/or, allowed the operation of mobile sources when such mobile sources were not in motion in excess of the three-minute time period allowed by Regs. Conn. State Agencies § 22a-174-18(b)(3)(C), and not in accordance with any exceptions listed in Regs. Conn. State Agencies § 22a-174-18(b)(3)(C)(i) through (vii) or at § 22a-174-18(j).

6.      Academy has not taken any actions sufficient to prevent future violations of the type alleged in this Amended Complaint.

7.      Absent an appropriate order from this Court, Defendant is likely to repeat its violations of the Act as described below. Plaintiff intends this action to encompass post-Amended Complaint violations of the types alleged in the Amended Complaint.

## THE CITIZEN SUIT PROVISION OF THE CLEAN AIR ACT

8.      Congress has declared that the purpose of the Clean Air Act is "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

9.      In the "citizen suit" provision of the Act, Congress authorized "any person" to "commence a civil action…against any person…who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of…an emission standard or limitation under" the Act. 42 U.S.C. § 7604(a)(1).

10.     The Act's definition of an "emission standard or limitation" includes any standard or limitation established "under any applicable State implementation plan approved by the Administrator." 42 U.S.C. § 7604(f)(4).

11.    The Act directs each state or local air pollution control agency to develop a State Implementation Plan that describes how it will achieve and maintain compliance with National Ambient Air Quality Standards ("NAAQS") set by the United States Environmental Protection Agency ("EPA") to protect human health and the environment. 42 U.S.C. § 7407(a).

12.    Standards or limitations established under any EPA-approved SIP are enforceable by citizens under the Act. 42 U.S.C. § 7604(f)(4).

13.    The Commonwealth of Massachusetts has an EPA-approved SIP that includes regulation 310 C.M.R. § 7.11(1)(b) (the "Massachusetts idling regulation"), which prohibits the unnecessary operation of the engine of a motor vehicle while the vehicle is stopped for a period of time in excess of five minutes. 40 C.F.R. § 52; 37 Fed. Reg. 23,085.

14.    The State of Connecticut has an EPA-approved SIP that includes Regulations of Connecticut State Agencies § 22a-174-18(b)(3)(C) (the "Connecticut anti-idling regulation"), which provides that "no person shall cause or allow. . . a mobile source to operate for more than three (3) consecutive minutes when such mobile source is not in motion." 42 U.S.C. § 7410; 40 C.F.R. § 52.385; 79 Fed. Reg. 41,427.

15.    In this action, Plaintiff alleges Academy has violated the Massachusetts and Connecticut idling regulations.

16.    The Clean Air Act's citizen suit provision provides the district courts of the United States with jurisdiction to "enforce" emission standards and limitations under the Act, and to impose an appropriate civil penalty on the violator of those emissions standards and limitations. 42 U.S.C. § 7604(a).

## PARTIES

Conservation Law Foundation, Inc.

17.    Plaintiff, Conservation Law Foundation, Inc. ("CLF"), is a nonprofit, member-supported, regional organization dedicated to protecting New England's environment.

18.    CLF is incorporated under the laws of Massachusetts with a principal place of business at 62 Summer Street, Boston, MA 02110.

19.    CLF has over 5,100 members, including 2,842 members in Massachusetts and 144 members in Connecticut.

20.    CLF's mission includes safeguarding the health and quality of life of New England communities facing the adverse effects of air pollution.

21.    CLF's members include individuals who live and recreate near the Massachusetts locations where vehicles owned, operated, and/or managed by Academy idle in excess of five minutes.

22.    CLF's members include individuals who live and recreate near the Connecticut locations where vehicles owned, operated, and/or managed by Academy idle in excess of three minutes.

23.    The health, well-being, quality of life, and enjoyment of CLF members are harmed by Defendant's violations of the CAA.

24.    "Person" in the CAA is defined to include "corporations." 42 U.S.C. § 7602(e).

25.    CLF is a corporation and thus a "person" under the CAA.

Academy Express, LLC.

26.    Academy Express, LLC is a corporation organized under the laws of the state of New Jersey.

27.    Academy Express, LLC is headquartered at 111 Paterson Avenue, Hoboken, NJ 07030.

28.     Academy Express, LLC provides transportation services through buses it owns and/or operates.

29.     Academy Express, LLC does business within the Commonwealth of Massachusetts and has been registered to conduct business in Massachusetts since 2011.

30.     Academy Express, LLC operates a shuttle bus service at Boston University, as well as the Go Buses coach bus service, and a charter bus service in Boston, Massachusetts.

31.     Academy Express, LLC offers frequent Go Bus coach service from stops in Cambridge, Massachusetts and Newton, Massachusetts to other East Coast cities, including New York City and Washington, D.C.

32.     Academy Express, LLC contracts with Massachusetts residents, such as Boston University and Wynn MA, LLC, to operate in-state shuttle services.

33.     Academy Express, LLC operates out of two Massachusetts properties owned by Academy's related company Franmar Properties of New England, LLC, namely, a bus lot located at 531 Pond Street in Braintree, Massachusetts and a "Customer Care" office located at 35 Rocsam Park Road in Braintree, Massachusetts.

34.     Academy Express, LLC owns and/or operates buses registered in Massachusetts.

35.     Academy Express, LLC employs drivers, mechanics, office workers, and managers based in Massachusetts.

36.     Academy Express, LLC does business within the state of Connecticut.

37.     Academy Express, LLC operates vehicles on a lot located in Bridgeport, Connecticut. Defendant is a person within the meaning of Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## JURISDICTION, VENUE, AND NOTICE

38.    Subject matter jurisdiction is conferred upon this Court by 42 U.S.C. § 7604(a) (CAA citizen suit jurisdictional provision) and 28 U.S.C. § 1331 (federal question jurisdiction).

39.    This Court has personal jurisdiction over Defendant, as Academy's principal place of business is in the Commonwealth of Massachusetts and a substantial part of the acts or omissions giving rise to the claims in this case occurred within the state.

40.    Venue is proper in this Court, because the vehicles owned, operated, managed, and/or overseen by Defendant were documented idling within this District, 28 U.S.C. § 1391(e), and Academy resides in the Commonwealth of Massachusetts, 28 U.S.C. § 1391(b) and (c).

41.    Plaintiff gave Defendant notice of the Massachusetts violations alleged in this Amended Complaint more than 60 days prior to commencement of this lawsuit by a letter (the "Massachusetts Notice Letter") dated November 8, 2019 and mailed to Francis Tedesco, President and Manager of Academy Express, LLC. A copy of the Massachusetts Notice Letter is attached as Exhibit 1. The Massachusetts Notice Letter is incorporated by reference herein.

42.    Copies of the Massachusetts Notice Letter were also mailed to the Administrator of EPA, the Regional Administrator of EPA for Region 1, the Massachusetts Department of Environmental Protection ("MassDEP") Commissioner, and the EPA Citizen Suit Coordinator.

43.    Each of the addressees identified in the preceding paragraph received the Massachusetts Notice Letter. A copy of each return receipt is attached as Exhibit 2.

44.    Plaintiff gave Defendant notice of the Connecticut violations alleged in this Amended Complaint more than 60 days prior to filing its Motion for Leave to File Amended Complaint by a letter (the "Connecticut Notice Letter") dated July 6, 2020 and mailed to Francis Tedesco, President and Manager of Academy Express, LLC, and Michael J. Mazurczak, registered agent

for Academy Express, LLC. A copy of the Connecticut Notice Letter is attached as Exhibit 3.
The Connecticut Notice Letter is incorporated by reference herein.

45.    Copies of the Connecticut Notice Letter were also mailed to the Administrator of the
EPA, the Regional Administrator of EPA for Region 1, the Connecticut Department of Energy &
Environmental Protection ("DEEP"), the EPA Citizen Suit Coordinator, and Jon Cowan, counsel
for Defendant.

46.    Each of the addressees identified in the preceding paragraph received the Connecticut
Notice Letter. A copy of each return receipt is attached as Exhibit 4.

47.    The Massachusetts and Connecticut Notice Letters satisfy the pre-suit notice
requirements of the CAA, pursuant to 42 U.S.C. § 7604(b).

48.    Neither MassDEP, DEEP, nor EPA have commenced a civil action against Defendant in
court to enforce vehicle anti-idling laws.

## STATUTORY AND REGULATORY BACKGROUND

49.    The provisions of the Commonwealth of Massachusetts idling regulation at 310 C.M.R. §
7.11(1)(b) are part of a federally enforceable SIP approved by EPA under section 110 of the
CAA, 42 U.S.C. § 7410; 40 C.F.R. § 52; 37 Fed. Reg. 23,085.

50.    The Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) provides:

> No person shall cause, suffer, allow, or permit the unnecessary operation of the
> engine of a motor vehicle while said vehicle is stopped for a foreseeable period
> of time in excess of five minutes. 310 CMR 7.11 shall not apply to:
>
> 1. vehicles being serviced, provided that operation of the engine is essential to
> the proper repair thereof, or
>
> 2. vehicles engaged in the delivery or acceptance of goods, wares, or
> merchandise for which engine assisted power is necessary and substitute
> alternate means cannot be made available, or

3. vehicles engaged in an operation for which the engine power is necessary for an associated power need other than movement and substitute alternate power means cannot be made available provided that such operation does not cause or contribute to a condition of air pollution.

51.    The provisions of the Connecticut idling regulation at Regulations of Connecticut State Agencies § 22a-174-18(b)(3)(C) are part of a federally enforceable SIP approved by EPA under section 110 of the CAA, 42 U.S.C. § 7410; 40 C.F.R. § 52.385; 79 Fed. Reg. 41,427.

52.    The Connecticut idling regulation at § 22a-174-18(b)(3)(C) provides that "no person shall cause or allow. . . a mobile source to operate for more than three (3) consecutive minutes when such mobile source is not in motion." § 22a-174-18(b)(3)(C) shall not apply for instances in which:

1. The vehicle "is forced to remain motionless because of traffic conditions or mechanical difficulties over which the operator has no control," *id.*;

2. Idling in excess of three minutes "is necessary to operate defrosting, heating or cooling equipment to ensure the safety or health of the driver or passengers," *id.*;

3. Idling in excess of three minutes "is necessary to operate auxiliary equipment ... to accomplish the intended use of the mobile source," *id.*;

4. Idling in excess of three minutes is necessary "to bring the mobile source to the manufacturer's recommended operating temperature," *id.*;

5. The outdoor temperature is below twenty degrees Fahrenheit, *id.*;

6. The vehicle is undergoing maintenance that requires its operation in excess of three minutes, *id.*; or

7. The vehicle "is in queue to be inspected by U.S. military personnel prior to gaining access to a U.S. military installation," *id.*

53.    The Connecticut anti-idling regulation also exempts aircraft, trains, boats, commonly used residential garden and snow removal equipment, antique vehicles, racing vehicles, and vehicles undergoing mechanical repair or testing that affects the emission of visible air pollutants. Regs. Conn. State Agencies § 22a-174-18(j)(4).

54.     As federally enforceable SIPs under section 113(b) of the Act, 42 U.S.C. § 7413(b), each separate violation of the Massachusetts and Connecticut idling regulations subject the violator to a penalty of up to $101,439 per day per violation for all violations of CAA § 113(b) occurring after November 2, 2015, where penalties are assessed on or after January 13, 2020. 42 U.S.C. § 7413(e); 42 U.S.C. §§ 7604(a), 7604(g); 40 C.F.R. §§ 19.2, 19.4.

## FACTUAL BACKGROUND

55.     The buses owned, operated, and/or managed by Defendant make regular stops at multiple locations throughout the Commonwealth of Massachusetts and the State of Connecticut.

56.     Defendant employs vehicles, including diesel-fueled vehicles, to transport individuals around the Commonwealth of Massachusetts and the State of Connecticut.

57.     Diesel-fueled vehicles emit diesel fuel exhaust including fine particulates, nitrogen oxides ("$NO_x$"), sulfur dioxide ("$SO_2$"), benzene, formaldehyde, and forty other kinds of toxic air contaminants.

58.     Fine particulates have been found to impair lung function, aggravate respiratory illnesses such as asthma, bronchitis, emphysema, and COVID-19, and are associated with premature deaths.

59.     Studies have shown that a small increase in long-term exposure to fine particulates leads to a large increase in the COVID-19 death rate.

60.     Exposure to $NO_x$ can aggravate respiratory diseases, particularly asthma, leading to respiratory symptoms such as coughing, wheezing or difficulty breathing.

61.     Longer exposures to elevated concentrations of $NO_x$ may contribute to the development of asthma and potentially increase susceptibility to respiratory infections.

62.     Studies have linked exposure to high concentrations of $NO_x$ to deaths from COVID-19.

63.     People with asthma, as well as children and the elderly, are generally at greater risk for the health effects of $NO_x$.

64.     Exposure to $SO_2$ can cause respiratory illness, aggravation of asthma, aggravation of existing cardiovascular disease, alteration in pulmonary defenses, and other adverse effects on breathing.

65.     Exposure to high levels of $SO_2$ can cause chronic hypersensitivity to a wide range of respiratory irritant pollutants.

66.     Children, the elderly, and people with asthma, cardiovascular disease, or chronic lung disease (such as bronchitis or emphysema) are particularly susceptible to the adverse effects of $SO_2$.

67.     Benzene is a volatile organic compound ("VOC") and is designated as a Hazardous Air Pollutant under the Act.

68.     Benzene is a known human carcinogen. Benzene exposure can also cause neurological harm in humans and animals.

69.     Exposure to formaldehyde can cause eye, nose, and throat irritation and can harm the nasal cavity.

70.     Other effects seen from exposure to high levels of formaldehyde in humans are coughing, wheezing, chest pains, and bronchitis.

71.     Longer exposures to elevated concentrations of formaldehyde have been associated with respiratory symptoms and eye, nose, and throat irritation.

72.     EPA considers formaldehyde to be a probable human carcinogen (cancer-causing agent).

73.     Defendant causes, suffers, allows, and/or permits the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of

toxic air contaminants into the atmosphere from the vehicles that they own, operate, manage, and/or oversee.

74.    Non-diesel, non-electric buses, including ethanol, propane, and compressed natural gas buses, emit harmful air pollutants.

75.    Defendant causes, suffers, allows, and/or permits the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the Newton Go Bus stop located at 335 Grove St., Auburndale, MA 02466 ("Newton Go Bus stop").

76.    Riverside Park, Woodland Golf Club, Leo J. Martin Memorial Golf Course, and Hamilton Field are located within a half mile of the Newton Go Bus stop.

77.    Lower Falls Community Center, Lasell University, Williams Elementary School, and Newton-Wellesley Hospital are located within a half mile of the Newton Go Bus stop.

78.    St. Antoine Daveluy, United Parish of Auburndale, Beacon Community Church, Christ the King Church Newton, St. Mary's Episcopal Church, and Temple Reyim are located within a mile of the Newton Go Bus stop.

79.    According to the 2013-2017 American Community Survey ("ACS") data, approximately 3,616 people live within two miles of the Newton Go Bus stop.

80.    Defendant causes, suffers, allows, and/or permits the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the Pond Street lot located at 531 Pond St, Braintree, MA 02184 ("Pond Street lot").

81.    Hollingsworth Park, Fin Fur Feather Conservation Area, and Braintree Municipal Golf Course are located within a half mile of the Pond Street lot.

82.    The Connection Church is located within a half mile of the Pond Street lot.

83.    Braintree Rehabilitation Hospital and Brigham and Women's Hospital are located within a mile of the Pond Street lot.

84.    According to the 2013-2017 American Community Survey ("ACS") data, approximately 1,944 people live within two miles of the Pond Street lot.

85.    Defendant causes, suffers, allows, and/or permits the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the shuttle stop located at 33 Harry Agganis Way, Boston, MA 02215 ("Harry Agganis Way shuttle stop").

86.    Magazine Beach Park, Morse School Playground, Nickerson Field, Malvern Field, New Balance Field, Lawton Playground, and Boston University Fitness and Recreation Center are located within a half mile of the Harry Agganis Way shuttle stop.

87.    Boston University, Morse Elementary School, Morse Preschool, Boston University Academy, and Match Charter Public High School are located within a half mile of the Harry Agganis Way shuttle stop.

88.    Symphony Church, City Church Boston, City on a Hill Church Brookline, Mosaic Boston Church, Church of our Saviour, Christ Church Unity Boston, Ruggles Baptist Church, Boston University Marsh Chapel, Arabic Jumaa Mosque, Chabad of Brookline, Congregation Eiz Chayim, Congregation Kehillath Israel, and Young Israel of Brookline are located within a mile of the Harry Agganis Way shuttle stop.

89.    According to the 2013-2017 American Community Survey ("ACS") data, approximately 21,977 people live within two miles of the Harry Agganis Way shuttle stop.

90.     Defendant causes, suffers, allows, and/or permits the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the Cambridge Go Bus stop located at 5D Cambridgepark Dr., Cambridge, MA 02140 ("Cambridge Go Bus stop").

91.     Russell Field, Corneau Field, Alewife Brook Reservation, Alewife Brook Pathway, Thorndike Dog Park, Thorndike Field, Magnolia Park, Magnolia Playground, Arlington Recreation Community Garden, and Gibbons Park are located within a half mile of the Cambridge Go Bus Stop.

92.     Hardy Elementary School, Matignon High School, Wild Rose Montessori School, Benjamin Banneker Charter Public School, Peabody Elementary School, International School of Boston, Fitzgerald Community School, Cambridge Montessori School, and Cambridge Friends School are located within a mile of the Cambridge Go Bus Stop.

93.     Church in Cambridge, Light of Life Church, and the Church of God of the Pilgrim are located within a half mile of the Cambridge Go Bus Stop.

94.     According to the 2013-2017 American Community Survey ("ACS") data, approximately 12,554 people live within two miles of the Cambridge Go Bus stop.

95.     The Cambridge Go Bus stop is located within an Environmental Justice area where at least 25 percent of residents identify as a race other than white, according to the Environmental Justice layer of the Massachusetts OnLIne ViewER (OLIVER) created in part by the Massachusetts Bureau of Geographic Information (MassGIS) and available at maps.massgis.state.ma.us/map_ol/ej.php.

96.     According to an analysis by the Boston University School of Public Health ("BUSPH"), communities in Massachusetts with greater populations of people of color have the highest rates of COVID-19 infection across 38 of the largest cities in Massachusetts.

97.     Defendant causes, suffers, allows, and/or permits the emission of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere at the Academy Express Lot located at 114 River Street, Bridgeport, CT ("Bridgeport Lot").

98.     Connecticut's Beardsley Zoo, Glenwood Park, Svihra Park, Knowlton Park, Washington Park, Lakeview Cemetery, and Alice Street Dog Run, and Riverfront Park are all located within a mile of the Bridgeport Lot.

99.     Columbus School, Luis Munoz Marin Elementary School, Beardsley School, Read Elementary School, and Achievement First Bridgeport Academy are all located within a mile of the Bridgeport Lot.

100.    Masjid Iqra, St. Charles Borromeo Catholic Church, St. Patrick's Roman Catholic Church, Olivet Congregational Church, Calvary Temple Christian Center, and Mount Avery Baptist Church are all located within a mile of the Bridgeport Lot.

101.    St. Vincent's Medical Center and Bridgeport Hospital are located within a mile and a half of the Bridgeport Lot.

102.    According to the 2013-2017 American Community Survey ("ACS") data, approximately 122,625 people live within two miles of the Bridgeport Lot. The Bridgeport Lot is located within Bridgeport, an Environmental Justice community where 79.7% percent of residents identify as a race other than white or white Hispanic, and 48.3% of the population speaks a language other than English at home, according to the U.S. Census Bureau QuickFacts.

103.    The Asthma and Allergy Foundation of America ranked Bridgeport as the 42nd most challenging place to live with asthma based on estimated asthma prevalence, emergency department visits for asthma, and asthma-related fatalities.

104.    Asthma rates in Connecticut are significantly higher than national averages: 10.3% of adults and 9.7% of children in Connecticut currently suffer from asthma compared to 7.7% of adults and 7.5% of children nationwide.

105.    Rates of asthma are particularly high among children in low-income households: in Connecticut in 2018, over 15% of children in households earning less than $25,000 per year had asthma.

### DEFENDANT'S VIOLATIONS OF THE CLEAN AIR ACT

106.    On the dates listed below in separate paragraphs, an investigator observed vehicles owned, operated, and/or managed by Academy idling in excess of five minutes for the following amounts of time:

| Paragraph Number | Date | Location of Vehicle | Idling Start Time | Idling End Time | Duration of Idling (mins) | Excess Idling (min) |
|---|---|---|---|---|---|---|
| 107 | 10/29/2019 | Braintree Lot | 6:42 AM | 6:54 AM | 12 min | 7 min |
| 108 | 10/29/2019 | Braintree Lot | 6:57 AM | 7:04 AM | 7 min | 2 min |
| 109 | 10/29/2019 | Braintree Lot | 7:12 AM | 7:21 AM | 9 min | 4 min |
| 110 | 10/30/2019 | Braintree Lot | 5:56 AM | 6:03 AM | 7 min | 2 min |
| 111 | 10/30/2019 | Braintree Lot | 6:03 AM | 6:11 AM | 8 min | 3 min |
| 112 | 10/30/2019 | Braintree Lot | 6:24 AM | 6:46 AM | 22 min | 17 min |
| 113 | 10/30/2019 | 33 Harry Agganis Way | 11:31 AM | 11:41 AM | 10 min | 5 min |
| 114 | 10/30/2019 | 33 Harry Agganis Way | 11:32 AM | 11:41 AM | 9 min | 4 min |
| 115 | 10/30/2019 | 33 Harry Agganis Way | 11:42 AM | 12:01 PM | 19 min | 14 min |
| 116 | 11/1/2019 | Braintree Lot | 7:59 AM | 8:11 AM | 12 min | 7 min |
| 117 | 11/1/2019 | 33 Harry Agganis Way | 10:15 AM | 10:21 AM | 6 min | 1 min |
| 118 | 11/1/2019 | 33 Harry Agganis Way | 10:29 AM | 10:42 AM | 13 min | 8 min |

| 119 | 11/1/2019 | 33 Harry Agganis Way | 10:54 AM | 11:41 AM | 47 min | 42 min |
| 120 | 11/1/2019 | 33 Harry Agganis Way | 11:35 AM | 11:41 AM | 6 min | 1 min |
| 121 | 11/1/2019 | 33 Harry Agganis Way | 11:41 AM | 12:01 PM | 20 min | 15 min |
| 122 | 11/1/2019 | 33 Harry Agganis Way | 11:42 AM | 12:01 PM | 19 min | 14 min |
| 123 | 11/1/2019 | 33 Harry Agganis Way | 12:07 PM | 12:21 PM | 14 min | 9 min |
| 124 | 11/13/2019 | 33 Harry Agganis Way | 10:08 AM | 10:20 AM | 12 min | 7 min |
| 125 | 11/13/2019 | 33 Harry Agganis Way | 10:36 AM | 10:47 AM | 11 min | 6 min |
| 126 | 11/13/2019 | 33 Harry Agganis Way | 10:47 AM | 11:01 AM | 14 min | 9 min |
| 127 | 11/18/2019 | Braintree Lot | 5:17 AM | 5:37 AM | 20 min | 15 min |
| 128 | 11/18/2019 | Braintree Lot | 5:24 AM | 6:27 AM | 63 min | 58 min |
| 129 | 11/18/2019 | Braintree Lot | 5:25 AM | 6:19 AM | 54 min | 49 min |
| 130 | 11/18/2019 | Braintree Lot | 5:26 AM | 7:28 AM | 122 min | 117 min |
| 131 | 11/21/2019 | Newton Go Bus Stop | 8:02 AM | 8:09 AM | 7 min | 2 min |
| 132 | 11/21/2019 | Newton Go Bus Stop | 8:59 AM | 9:07 AM | 8 min | 3 min |
| 133 | 11/21/2019 | 33 Harry Agganis Way | 10:34 AM | 10:54 AM | 20 min | 15 min |
| 134 | 11/21/2019 | 33 Harry Agganis Way | 11:01 AM | 11:18 AM | 17 min | 12 min |
| 135 | 11/21/2019 | 33 Harry Agganis Way | 11:13 AM | 11:23 AM | 10 min | 5 min |
| 136 | 11/21/2019 | 33 Harry Agganis Way | 11:28 AM | 11:35 AM | 7 min | 2 min |
| 137 | 11/21/2019 | 33 Harry Agganis Way | 12:18 PM | 12:33 PM | 15 min | 10 min |
| 138 | 11/25/2019 | Braintree Lot | 6:00 AM | 6:26 AM | 26 min | 21 min |
| 139 | 11/25/2019 | Braintree Lot | 6:01 AM | 6:11 AM | 10 min | 5 min |
| 140 | 11/25/2019 | Braintree Lot | 6:19 AM | 8:56 AM | 2h 37 min | 152 min |
| 141 | 11/25/2019 | Braintree Lot | 6:31 AM | 6:38 AM | 7 min | 2 min |
| 142 | 11/26/2019 | 33 Harry Agganis Way | 10:11 AM | 10:19 AM | 8 min | 3 min |
| 143 | 11/26/2019 | 33 Harry Agganis Way | 10:27 AM | 10:37 AM | 10 min | 5 min |
| 144 | 11/26/2019 | 33 Harry Agganis Way | 10:33 AM | 10:53 AM | 20 min | 15 min |
| 145 | 11/27/2019 | Braintree Lot | 5:19 AM | 5:37 AM | 18 min | 13 min |
| 146 | 11/27/2019 | Braintree Lot | 5:59 AM | 6:27 AM | 28 min | 23 min |
| 147 | 11/27/2019 | Braintree Lot | 6:14 AM | 6:30 AM | 16 min | 11 min |
| 148 | 11/27/2019 | Braintree Lot | 6:16 AM | 6:46 AM | 30 min | 25 min |

| 149 | 11/27/2019 | Cambridge Go Bus Stop | 9:38 AM | 10:01 AM | 23 min | 18 min |
|-----|-----------|----------------------|---------|----------|--------|--------|
| 150 | 11/27/2019 | Cambridge Go Bus Stop | 10:14 AM | 10:34 AM | 20 min | 15 min |
| 151 | 11/27/2019 | Cambridge Go Bus Stop | 10:42 AM | 10:49 AM | 7 min | 2 min |
| 152 | 11/27/2019 | Cambridge Go Bus Stop | 10:50 AM | 11:06 AM | 16 min | 11 min |
| 153 | 11/27/2019 | Cambridge Go Bus Stop | 11:45 AM | 12:04 PM | 19 min | 14 min |
| 154 | 11/29/2019 | Newton Go Bus Stop | 7:51 AM | 8:11 AM | 20 min | 15 min |
| 155 | 11/29/2019 | Newton Go Bus Stop | 8:48 AM | 9:02 AM | 14 min | 9 min |
| 156 | 11/29/2019 | Newton Go Bus Stop | 9:52 AM | 10:05 AM | 13 min | 8 min |
| 157 | 11/29/2019 | Newton Go Bus Stop | 10:22 AM | 10:32 AM | 10 min | 5 min |
| 158 | 11/29/2019 | Newton Go Bus Stop | 10:50 AM | 11:03 AM | 13 min | 8 min |
| 159 | 11/29/2019 | Newton Go Bus Stop | 12:22 PM | 12:35 PM | 13 min | 8 min |
| 160 | 11/30/2019 | Newton Go Bus Stop | 7:51 AM | 8:01 AM | 10 min | 5 min |
| 161 | 11/30/2019 | Newton Go Bus Stop | 8:48 AM | 9:02 AM | 14 min | 9 min |
| 162 | 11/30/2019 | Newton Go Bus Stop | 10:18 AM | 10:38 AM | 20 min | 15 min |
| 163 | 11/30/2019 | Newton Go Bus Stop | 10:53 AM | 11:02 AM | 9 min | 4 min |
| 164 | 11/30/2019 | Newton Go Bus Stop | 12:17 PM | 12:31 PM | 14 min | 9 min |
| 165 | 11/30/2019 | Newton Go Bus Stop | 12:51 PM | 1:02 PM | 11 min | 6 min |
| 166 | 11/30/2019 | Newton Go Bus Stop | 1:22 PM | 1:31 PM | 9 min | 4 min |
| 167 | 11/30/2019 | Newton Go Bus Stop | 2:20 PM | 2:39 PM | 19 min | 14 min |
| 168 | 11/30/2019 | Newton Go Bus Stop | 2:43 PM | 2:49 PM | 6 min | 1 min |
| 169 | 1/27/2020 | Braintree Lot | 5:39 AM | 5:49 AM | 10 min | 5 min |
| 170 | 1/27/2020 | Braintree Lot | 5:45 AM | 6:53 AM | 68 min | 63 min |
| 171 | 1/27/2020 | Braintree Lot | 5:45 AM | 6:11 AM | 26 min | 21 min |
| 172 | 1/27/2020 | 33 Harry Agganis Way | 10:23 AM | 10:30 AM | 7 min | 2 min |
| 173 | 1/27/2020 | 33 Harry Agganis Way | 10:35 AM | 10:51 AM | 16 min | 11 min |
| 174 | 1/27/2020 | 33 Harry Agganis Way | 10:43 AM | 11:18 AM | 35 min | 30 min |

| 175 | 1/27/2020 | 33 Harry Agganis Way | 11:01 AM | 11:16 AM | 15 min | 10 min |
| 176 | 1/27/2020 | 33 Harry Agganis Way | 11:42 AM | 12:06 PM | 24 min | 19 min |
| 177 | 1/30/2020 | Braintree Lot | 5:16 AM | 5:46 AM | 30 min | 25 min |
| 178 | 1/30/2020 | Braintree Lot | 5:16 AM | 6:05 AM | 49 min | 44 min |
| 179 | 1/30/2020 | Braintree Lot | 5:16 AM | 6:19 AM | 63 min | 58 min |
| 180 | 1/30/2020 | 33 Harry Agganis Way | 10:31 AM | 10:39 AM | 8 min | 3 min |
| 181 | 1/30/2020 | 33 Harry Agganis Way | 10:48 AM | 11:31 AM | 43 min | 38 min |
| 182 | 1/30/2020 | 33 Harry Agganis Way | 11:17 AM | 12:06 PM | 49 min | 44 min |
| 183 | 1/30/2020 | 33 Harry Agganis Way | 11:54 AM | 12:00 PM | 6 min | 1 min |
| 184 | 1/30/2020 | 33 Harry Agganis Way | 12:25 PM | 12:37 PM | 12 min | 7 min |
| 185 | 1/31/2020 | Cambridge Go Bus Stop | 1:29 PM | 1:46 PM | 17 min | 12 min |
| 186 | 1/31/2020 | Cambridge Go Bus Stop | 3:22 PM | 3:31 PM | 9 min | 4 min |
| 187 | 1/31/2020 | Cambridge Go Bus Stop | 4:54 PM | 5:01 PM | 7 min | 2 min |
| 188 | 1/31/2020 | Cambridge Go Bus Stop | 6:02 PM | 6:24 PM | 22 min | 17 min |
| 189 | 2/2/2020 | Newton Go Bus Stop | 10:24 AM | 10:36 AM | 12 min | 7 min |
| 190 | 2/2/2020 | Newton Go Bus Stop | 11:19 AM | 11:32 AM | 13 min | 8 min |
| 191 | 2/2/2020 | Newton Go Bus Stop | 2:56 PM | 3:02 PM | 6 min | 1 min |
| 192 | 2/2/2020 | Newton Go Bus Stop | 3:53 PM | 4:04 PM | 11 min | 6 min |
| 193 | 2/2/2020 | Newton Go Bus Stop | 4:50 PM | 5:03 PM | 13 min | 8 min |
| 194 | 2/2/2020 | Newton Go Bus Stop | 5:52 PM | 6:00 PM | 8 min | 3 min |

195.    On the dates listed below in separate paragraphs, an investigator observed vehicles owned, operated, and/or managed by Academy idling in excess of three minutes for the following amounts of time:

| Paragraph Number | Date | Location of Vehicle | Idling Start Time | Idling End Time | Duration of Idling (mins) | Excess Idling (min) |
|---|---|---|---|---|---|---|
| 196 | 11/21/2019 | Bridgeport Lot | 4:39 PM | 4:45 PM | 6 min | 3 min |

| 197 | 11/21/2019 | Bridgeport Lot | 5:08 PM | 5:21 PM | 13 min | 10 min |
| 198 | 11/23/2019 | Bridgeport Lot | 5:29 AM | 6:06 AM | 37 min | 34 min |
| 199 | 11/23/2019 | Bridgeport Lot | 7:17 AM | 7:40 AM | 23 min | 20 min |
| 200 | 11/23/2019 | Bridgeport Lot | 7:48 AM | 7:52 AM | 4 min | 1 min |
| 201 | 11/30/2019 | Bridgeport Lot | 7:34 AM | 7:38 AM | 4 min | 1 min |
| 202 | 11/30/2019 | Bridgeport Lot | 9:55 AM | 10:03 AM | 8 min | 5 min |
| 203 | 11/30/2019 | Bridgeport Lot | 10:40 AM | 11:08 AM | 28 min | 25 min |
| 204 | 11/30/2019 | Bridgeport Lot | 11:12 AM | 11:17 AM | 5 min | 2 min |
| 205 | 11/30/2019 | Bridgeport Lot | 2:30 PM | 2:58 PM | 28 min | 25 min |
| 206 | 12/4/2019 | Bridgeport Lot | 2:57 PM | 3:07 PM | 10 min | 7 min |
| 207 | 12/4/2019 | Bridgeport Lot | 3:11 PM | 3:15 PM | 4 min | 1 min |
| 208 | 12/4/2019 | Bridgeport Lot | 3:57 PM | 4:12 PM | 15 min | 12 min |
| 209 | 12/5/2019 | Bridgeport Lot | 10:13 AM | 10:27 AM | 14 min | 11 min |
| 210 | 12/5/2019 | Bridgeport Lot | 12:04 PM | 12:17 PM | 13 min | 10 min |
| 211 | 12/10/2019 | Bridgeport Lot | 4:45 PM | 4:58 PM | 13 min | 10 min |
| 212 | 12/10/2019 | Bridgeport Lot | 4:48 PM | 5:00 PM | 12 min | 9 min |
| 213 | 12/10/2019 | Bridgeport Lot | 5:04 PM | 5:22 PM | 18 min | 15 min |
| 214 | 12/11/2019 | Bridgeport Lot | 5:05 PM | 5:21 PM | 16 min | 13 min |
| 215 | 2/11/2020 | Bridgeport Lot | 5:53 AM | 6:02 AM | 9 min | 6 min |
| 216 | 2/11/2020 | Bridgeport Lot | 6:56 AM | 7:02 AM | 6 min | 3 min |
| 217 | 2/11/2020 | Bridgeport Lot | 8:00 AM | 8:28 AM | 28 min | 25 min |
| 218 | 9/1/2020 | Bridgeport Lot | 1:24 PM | 1:43 PM | 19 min | 16 min |
| 219 | 9/3/2020 | Bridgeport Lot | 5:05 AM | 5:10 AM | 5 min | 2 min |
| 220 | 9/3/2020 | Bridgeport Lot | 5:39 AM | 6:02 AM | 23 min | 20 min |
| 221 | 9/3/2020 | Bridgeport Lot | 6:03 AM | 6:19 AM | 16 min | 13 min |
| 222 | 9/3/2020 | Bridgeport Lot | 6:47 AM | 7:08 AM | 21 min | 18 min |
| 223 | 9/3/2020 | Bridgeport Lot | 9:08 AM | 9:20 AM | 12 min | 9 min |
| 224 | 9/3/2020 | Bridgeport Lot | 9:11 AM | 9:20 AM | 9 min | 6 min |
| 225 | 9/3/2020 | Bridgeport Lot | 9:29 AM | 9:43 AM | 14 min | 11 min |

226.    Plaintiff believes that additional information from other sources not yet publicly available will reveal additional violations.

## PLAINTIFF AND ITS MEMBERS ARE HARMED BY DEFENDANT'S CLEAN AIR ACT VIOLATIONS

227.    Plaintiff's members live, rent, own property, study, attend school, use transit, and/or spend time shopping, recreating, and conducting activities near the locations where vehicles owned, operated, managed, and/or overseen by Academy were observed idling.

228.    Plaintiff's members reside in and around Boston, Massachusetts.

229.    Plaintiff's members reside in and around Bridgeport, Connecticut.

230.    Plaintiff's members breathe the emissions and air pollutants that Defendant causes, suffers, allows, or permits to be emitted from vehicles they own, operate, and/or manage.

231.    Plaintiff's members can see air pollution coming from vehicles owned, operated, managed, and/or overseen by Defendant.

232.    Plaintiff's members who live near and spend time at the parks, playgrounds, places of worship, cultural centers, transit stations, hospitals, and/or educational institutions near the locations where vehicles owned, operated, managed, and/or overseen by Defendant were observed idling have asthma, experience trouble breathing, and/or suffer from other respiratory symptoms.

233.    Plaintiff's members are reasonably concerned about inhaling carcinogens and other pollutants emitted by vehicles owned, operated, managed, and/or overseen by Defendant.

234.    Plaintiff's members want to breathe as little air pollution from vehicles owned, operated, managed, and/or overseen by Defendant as possible.

235.    Plaintiff's members are reasonably concerned that the emissions released from vehicles owned, operated, managed, and/or overseen by Defendant have harmed, continue to harm and threaten, and will harm and threaten their health, well-being, quality of life, and enjoyment, as well as that of their families.

236.    The greater the exposure to particulate matter, nitrogen oxides, sulfur dioxide, benzene, and formaldehyde, and the higher the levels of exposure, the more health and well-being are compromised.

237.    The actual and threatened harm to Plaintiff's members would be redressed by an injunction, civil penalty, and other relief that prevents or deters future violations of the Act by the Defendant, and that requires the Defendant to offset its pollution from these violations by

reducing its pollution, or otherwise remediating harm that has already been caused to Plaintiff's members and their local communities.

## CLAIMS FOR RELIEF

### Count I - Violation of Massachusetts Idling Regulation

238.    Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

239.    The Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) prohibits "the unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five minutes."

240.    A bus, including the shuttle buses at issue here, is defined as a "motor vehicle" under 310 C.M.R. § 7.00.

241.    The Defendant caused, suffered, allowed, and/or permitted motor vehicles to operate unnecessarily while those vehicles were stopped for a foreseeable period of time in excess of five minutes. The operation of the engines of vehicles owned, operated, managed, and/or overseen by Defendant did not occur within any exceptions listed in 310 C.M.R. § 7.11(1)(b)(1), (2) or (3).

242.    Therefore, the Defendant violated 310 C.M.R. § 7.11(1)(b), an applicable SIP provision, numerous times during October and November of 2019.

243.    Pursuant to section 113(b) of the Act, 42 U.S.C. § 7413(e); 42 U.S.C. §§ 7604(a), 7604(g); and 40 C.F.R. §§ 19.2, 19.4, Defendant is liable for a civil penalty of up to $101,439 per day for each violation that occurred after November 2, 2015, where penalties are assessed on or after January 13, 2020.

**Count II - Violation of Connecticut Idling Regulation**

244.    Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

245.    The Connecticut anti-idling regulation at Regulations of Connecticut State Agencies Section 22a-174-18(b)(3)(C) prohibits the causing and/or allowing of "the unnecessary operation of a mobile source for more than three (3) consecutive minutes when such mobile source is not in motion."

246.    A bus is defined as a "mobile source" under § 22a-174-1(72).

247.    The Defendant caused and/or allowed mobile sources to operate unnecessarily for more than three consecutive minutes when such mobile sources were not in motion. In none of these instances do any of the exceptions listed in Regulations of Connecticut State Agencies Sections 22a-174-18(b) or (j) apply.

248.    Therefore, the Defendant violated Regs., Conn. State Agencies Section 22a-174-18(b)(3)(C), an applicable SIP provision, numerous times during November and December of 2019, and September 2020.

249.    Pursuant to section 113(b) of the Act, 42 U.S.C. § 7413(b); 42 U.S.C. §§ 7604(a), 7604(g); and 40 C.F.R. §§ 19.2, 19.4, Defendant is liable for a civil penalty of up to $101,439 per day for each violation that occurred after November 2, 2015, where penalties are assessed on or after January 13, 2020.

**RELIEF REQUESTED**

250.    Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

(a) Declare Defendant to have violated and to be in violation of 310 C.M.R. §

7.11(1)(b) for causing, suffering, allowing and/or permitting motor vehicles to

operate unnecessarily while those vehicles were stopped for a foreseeable period of time in excess of five minutes;

(b) Permanently enjoin the Defendant from causing, suffering, allowing, or permitting the idling of any motor vehicles in violation of 310 C.M.R. § 7.11(1)(b);

(c) Order Defendant to comply fully and immediately with 310 C.M.R. § 7.11(1)(b);

(d) Declare Defendant to have violated and to be in violation of Regulations of Connecticut State Agencies Section 22a-174-18(b)(3)(C) for causing, suffering, allowing and/or permitting a mobile source to operate for more than three (3) consecutive minutes when such mobile source was not in motion;

(e) Permanently enjoin the Defendant from causing, suffering, allowing, or permitting the idling of any motor vehicles in violation of Regulations of Connecticut State Agencies Section 22a-174-18(b)(3)(C).

(f) Order Defendant to comply fully and immediately with Regulations of Connecticut State Agencies Section 22a-174-18(b)(3)(C).

(g) Order Defendant to pay civil penalties of $101,439 per day for each violation for all CAA violations that occurred after November 2, 2015 and that are assessed on or after January 13, 2020;

(h) Order Defendant to take appropriate actions to remedy harm caused by Defendant's noncompliance with the Clean Air Act;

(i) Award Plaintiff's costs (including reasonable investigative, attorney, witness, and consultant fees) as permitted by Section 304(d) of the Clean Air Act, 42 U.S.C. § 7404(d); and

(j) Award any such other and further relief as the Court may deem appropriate.

Respectfully submitted this 29th day of October, 2020

CONSERVATION LAW FOUNDATION, INC.,

By its attorneys,

*/s/ Erica Kyzmir-McKeon*
Erica Kyzmir-McKeon, Esq., *admitted pro hac vice*
Chelsea E. Kendell, Esq. (BBO No. 705513)
Heather A. Govern, Esq. (BBO No. 688482)
Conservation Law Foundation
62 Summer Street
Boston, MA 02110
(617) 850-1763
ekyzmir-mckeon@clf.org

Dated:  October 29, 2020