UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 1:20-cv-10032-DPW |
| ACADEMY EXPRESS, LLC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT ACADEMY EXPRESS, LLC'S OPPOSITION TO PLAINTIFF
CONSERVATION LAW FOUNDATION, INC.'S MOTION TO COMPEL**

On the eve of the fact discovery deadline set by this Court, plaintiff Conservation Law Foundation, Inc. ("CLF") has brought a motion to compel the defendant, Academy Express, LLC ("Academy") to produce five (5) years of GPS records that are purportedly relevant to CLF's claim that Academy has a "pattern or practice" of excessive bus idling. CLF's motion is a classic fishing expedition intended to make up for its failure of proof in establishing constitutional standing[1] and, at the close of fact discovery, to adduce admissible evidence that any of the assertions of "excessive" idling set forth in its complaint constitute a violation of the Massachusetts or

---

[1] Academy has moved for summary judgment on the grounds that CLF lacks standing to pursue these claims; the motion is presently pending before this Court. Of particular importance to the present Motion is that *none* of the members on whose behalf CLF purportedly brings these claims were members of the organization between 2015 and November 2019, shortly before it filed suit on January 8, 2020. (See ECF doc. nr. 41-2 at ¶18) Despite this inconvenient fact, CLF makes the sweeping assertion that Academy must be compelled to produce "GPS reports from Saucon or any other Vehicle System in use" for a 5-year period between 2015 and 2020. CLF claims that such evidence is relevant solely "to establish a "pattern or practice" of excessive idling. *See* Motion to Compel at p.4.

Connecticut state implementation plans.[2]  In written discovery, Academy has responded, and properly objected to Plaintiff's requests for the production of documents concerning the Saucon GPS System and any other Vehicle System records.  Academy has objected, *inter alia*, on the grounds that the requested discovery is neither relevant nor calculated to lead to the discovery of admissible evidence; that the requests are overly broad and burdensome; and on the grounds that they seek to impose obligations on Academy (namely, to create records that ***do not presently exist***) that goes beyond the requirements of the Rules of Civil Procedure.  Indeed, as set forth in the accompanying Affidavit of Academy's Corporate Claims Manager, Douglas Levine, the records sought by CLF are neither created nor regularly maintained in the normal course of Academy's business operations.[3]  Nevertheless, in accordance with the Court's order of April 15, 2021 (CLF doc. nr. 57), Academy has undertaken a search for all available Saucon data corresponding to each and every instance of bus idling alleged in the Complaint, and it has produced the result of those searches to CLF.  Not content with the documentation provided for each of the 116 instances of idling ***actually alleged***, Plaintiff now seeks to impose an additional excessive and unwarranted burden on Academy, demanding that it conduct thousands of additional searches of GPS records corresponding to hundreds of buses in its fleet that operated over a five (5) year period of time, based on the extremely tenuous assertion that this exercise is necessary to support plaintiff's argument that Academy has a "pattern or practice" of "excessive" bus idling.  CLF's alternative request, that it be granted unfettered access to Academy's Saucon account to conduct a forensic

---

[2] At deposition, CLF's Rule 30(b)(6) witness has admitted that ***none*** of CLF's members have personal knowledge of excessive idling by Academy's buses and ***none*** of its members observed idling of buses on any of the occasions set forth in its Amended Complaint. Indeed, the evidence on summary judgment demonstrates that CLF's members were not even aware of the alleged instances of excessive idling until ***after*** suit was filed.

[3] As attested to by Mr. Levine, Plaintiff's Motion illustrates a fundamental misconception of the Saucon GPS system and its use by Academy.

examination of available data in order to uncover evidence of marginal relevance and admissibility, is clearly outweighed by the broadness, intrusiveness, and disruption that would be caused by such a forensic examination. *See Pollack v. Seamus Crowley Construction, Inc.*, No. 13-CV-12157-MLW, 2019 WL 3553426, at *3 (D. Mass. Apr. 15, 2019). Additionally, plaintiff has not, and indeed cannot show that it has standing to pursue claims of excessive idling prior to November 2019. For each of these reasons, and as further argued below, CLF's Motion should be DENIED.

I. **THE DISCOVERY REQUESTED BY PLAINTIFF IS NEITHER RELEVANT NOR PROPORTIONAL TO THE NEEDS OF THE CASE AND IS OUTWEIGHED BY ITS BURDEN, EXPENSE AND INTRUSIVENESS**

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense and proportional to the needs of the case. In evaluating a discovery request, courts must consider the importance of the issues, the amount in controversy, the parties' resources and relative access to the information, how important the discovery is to the case, and whether the burden or expense of production outweighs the benefit. *Id.* Plaintiff's demand that Academy undertake an examination of five (5) years of GPS data for hundreds of buses that run on a daily basis and produce records that do not presently exist (for idling events that have ***not*** been alleged to have occurred) is not proportional to CLF's purported need to uncover evidence of a pattern or practice. Such an exercise is clearly outweighed by its burden, expense and intrusiveness.

    A. <u>Academy Has Produced All Requested Records Concerning the Alleged Clean Air Act Violations</u>.

The assertion that Academy has failed to respond to CLF's written discovery requests is simply false, and its contention that Academy could easily generate five years' of records (equivalent to 1,825 days) for each of the hundreds of buses in its fleet, is a sweeping

3

overstatement. As set forth in the Affidavit of Douglas Levine ("Levine Aff."), the Saucon GPS system is employed on some, but not all of the buses deployed in Academy's Massachusetts and Connecticut fleets. Levine Aff. at ¶3. The system consists of a GPS tracking device and a tablet screen that the bus dispatchers use to message drivers in "real time" and to track the operation and location of the buses. *Id.* at ¶4. Academy does not own the physical equipment that makes up the Saucon system or the software that is used to access information generated by the system. *Id.* at ¶5. It is possible to generate reports off of the Saucon system – such as vehicle location, motion starts and stops, tire pressure or engine system malfunctions, and when the vehicle engine is on or off – but Academy does not generally use the Saucon system for that purpose. *Id.* at ¶6.

In order to determine what information, if any, can be retrieved from the Saucon system for a particular bus on a particular date and time, identifying information for that bus must be provided. *Id.* at ¶7. No such identifying information was alleged in CLF's Complaint (or its Amended Complaint). CLF did not supply this missing information until it was requested by Academy in the course of discovery. Even then, plaintiff provided no identifying information for approximately one dozen of the alleged instances of excessive idling.

As noted above, the reports that Academy generated by accessing the data on the Saucon GPS system – and that were produced pursuant to this Court's order – are ***not*** records that are created, kept or maintained in the normal course of Academy's business. Nevertheless, using the identifying information that was subsequently provided by CLF, Mr. Levine "generate[d] a report for those identifiable buses for which Saucon records are available," *id.* at ¶ 8, and this report has been produced to plaintiff. To prepare the report, Mr. Levine "entered information for each individual bus for each individual date at issue." *Id.*

On April 26, 2021, counsel for CLF made a request for additional information concerning a number of the specific instances of bus idling alleged in its Amended Complaint, and forwarded two documents with yellow highlighting to indicate those instances for which information was needed. Mr. Levine has reviewed each of the documents supplied by CLF (which consist of a chart and a highlighted version of the Amended Complaint)[4] and has determined that no additional information concerning these instances can be retrieved from the Saucon system, either because no identifying information was provided, the identifying information was incorrect, the identified buses do not have a Saucon GPS system installed on them, or because data for the identified buses was simply not retrievable from the Saucon system. *See* Levine Aff., ¶¶ 9 -12. In sum, Academy has produced all of the records it was able to generate from a search conducted on the Saucon GPS system, and it has confirmed that **no additional information** can be retrieved for any of the instances of alleged excessive idling alleged in the complaint.

> B. CLF Has Not Shown that Additional Discovery Is Necessary to Establish a "Pattern" or "Practice."

In its Motion to Compel, CLF asserts for the first time that Academy's vehicles have "idled excessively" since 2015. No such allegation was made in its original Complaint or in its Amended Complaint. Indeed, Sean Mahoney, CLF's Executive Vice President and Rule 30(b)(6) deponent, has admitted under oath that CLF has no information that Academy's buses have idled "excessively" on any occasion before the first alleged instance on October 29, 2019, or after the last alleged instance on September 3, 2020. CLF's Motion to Compel is merely a fishing expedition designed to harass Academy and waste resources. *See Milazzo v. Sentry Ins.*, 856 F.2d 321, 322 (1st Cir. 1988) (discovery is not "a fishing expedition"; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed).

---

[4] Copies of these documents are attached to his Affidavit as Exhibit 1 and Exhibit 2.

To the extent CLF asserts that additional discovery is necessary ***not*** to establish that additional violations occurred, but instead to demonstrate a "pattern" or "practice," it has failed to show why the 100+ instances of alleged idling set forth in its complaint are insufficient for this purpose. Its last-minute attempt to compel Academy to embark on an extensive search of Saucon data for the purpose of securing "pattern" or "practice" evidence is no more than a ruse. In reality, CLF's Motion is a litigation tactic intended to open a backdoor to pursue additional claims against Academy and/or to embark on a second round of unwarranted discovery.

   C. Plaintiff's Demand that Academy Undertake Thousands of Individual Searches for Data Corresponding to Hundreds of Buses Over a Five-Year Period of Time is Unduly Burdensome, Unwarranted and Intrusive.

The discovery sought by CLF in its Motion to Compel, namely, forcing it to conduct a search of five (5) years of GPS data related to hundreds of buses, many of which operate on a daily basis, would constitute an unwarranted, wasteful and intrusive burden on the defendant. As stated by Mr. Levine: "It would be a monumental task to identify all of the buses that have been employed in Academy's Massachusetts and Connecticut fleets for the five (5) year period between 2015 and 2020, ***if that is even possible***. During this period of time, Academy has employed hundreds of buses on various routes in Massachusetts and Connecticut, some of which are no longer in service." Levine Aff. at ¶13 (emphasis added). Even as to the period between September 2019 and the present, there is no readily available method for Academy to identify all of the buses that have operated in Massachusetts and Connecticut. *Id.* It is for that reason that counsel has requested CLF to provide identifying information for the alleged instances of idling. And, as noted, Academy has duly conducted a search of the Saucon GPS database and produced the full extent of the data that could be retrieved concerning the buses on the identified dates. It would be unfair and unjust to force Academy to engage in the fishing expedition demanded by CLF. Clearly, the

burden, expense and intrusiveness that would be imposed on Academy outweighs any marginal relevance of the information sought.  *Pollack, supra,* 2019 WL 3553426 at *3.

## II. CLF HAS NO STANDING TO PURSUE CLAIMS PREDATING THE ASSOCIATIONAL RELATIONSHIP BETWEEN THE ORGANIZATION AND ITS MEMBERS

As this Court is aware, Academy has moved for summary judgment on the grounds that CLF lacks standing to pursue these claims.  Defendant will not repeat those arguments here.  However, the standing issue is relevant to the extraordinarily broad discovery sought by CLF in the present Motion.

Specifically, the undisputed evidence on summary judgment is that *none* of the members on whose behalf CLF has brought this lawsuit was a member of the organization until sometime after November 2019, shortly before it filed suit.  Given this undisputed fact, even if Saucon records could be located for buses operating in Academy's fleet prior to November 2019, such evidence would be irrelevant and inadmissible since CLF will be unable to show that it has standing, on behalf of its members, to assert violations of the Clean Air Act that predate when any identified member was purportedly harmed.  As noted, CLF's Motion is not truly intended to obtain discovery of "pattern" or "practice" evidence.  Rather, it is a backdoor attempt to generate new claims that are not the subject of this lawsuit, and for which it has no standing to pursue.

## CONCLUSION

For all of the reasons set forth above, and in the accompanying Affidavit of Douglas Levine, defendant Academy Express, LLC, respectfully requests that this Court DENY plaintiff's Motion to Compel.

7

Dated: April 30, 2021

Respectfully submitted by,
ACADEMY EXPRESS, LLC,
By and through its attorneys,

*/s/ Jon C. Cowen*
Jon C. Cowen (BBO # 552961)
jcowen@donovanhatem.com
Adam C. Benevides (BBO # 673172)
abenevides@donovanhatem.com
DONOVAN HATEM LLP
53 State Street, 8th Floor
Boston, MA 02109
Telephone: (617) 406-4511
Facsimile: (617) 406-4501

## **CERTIFICATE OF SERVICE**

I, Jon C. Cowen, hereby certify that on April 30, 2021, the foregoing Defendant Academy Express, LLC's Opposition to Plaintiff Conservation Law Foundation, Inc.'s Motion to Compel was filed through the Court's electronic filing system ("ECF"), by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Jon C. Cowen*
Jon C. Cowen

4825-9181-0279, v. 1