UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., ) ) Plaintiff, ) ) v. ) ) ACADEMY EXPRESS, LLC, ) ) Defendant. ) | *Leave to file granted on December 10, 2021* Case No. 1:20-cv-10032-DPW |

### REPLY BRIEF OF ACADEMY EXPRESS, LLC IN FURTHER SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES

Defendant Academy Express, LLC ("Academy" or "Defendant") submits this Reply Brief in further support of its Motion to Exclude the Testimony of Plaintiff's Expert Witnesses ("*Daubert* motion"). As set forth in the *Daubert* motion and accompanying Memorandum of Law, none of the testimony that plaintiff Conservation Law Foundation, Inc. ("CLF" or "Plaintiff") intends to offer through its experts will assist the trier of fact to determine whether CLF's Standing Witnesses have suffered a "concrete and particularized" harm from idling by Academy's buses. In its Opposition, Plaintiff asserts for the first time that its experts will "***further demonstrate***[] the harm suffered by" CLF's members and therefore they should be allowed to testify. Memorandum of Law in Support of CLF's Opposition to the *Daubert* motion, doc. nr. 97 ("CLF Memo. of Law") at p.1 (emphasis added). This is different from the proposition Plaintiff advanced previously, namely, that the experts "***will establish*** that CLF members have suffered harms... traceable to the Defendant's unlawful idling." Plaintiff's Opposition to Defendant's Motion for Summary Judgment, doc. nr. 46 at p.8 (emphasis added). Academy could not have not reasonably anticipated this argument at the time it filed its *Daubert* Motion, and therefore submits this Reply Brief.

**I.    BECAUSE ITS EXPERTS DO NOT OPINE THAT CLF'S STANDING WITNESSES HAVE SUFFERED CONCRETE AND PARTICULARIZED HARM, OR, THAT IDLING BY ACADEMY'S BUSES HARMED THEM INDIVIDUALLY, THE EXPERTS' TESTIMONY CANNOT "FURTHER DEMONSTRATE" HARM AND SHOULD BE EXCLUDED**

At the close of discovery on the issue of standing, Academy moved for summary judgment, seeking dismissal of Plaintiff's claims due to a lack of standing. As set forth in that motion, CLF has failed to demonstrate that any of its members – and more specifically, its so-called Standing Witnesses – have suffered a concrete and particularized harm from the alleged instances of "excessive" idling by Academy's buses. Academy's Motion for Summary Judgment on the Issue of Standing ("Standing Motion"), doc. nr. 41. CLF opposed the Standing Motion on the grounds, *inter alia*, that expert discovery had not yet been completed and that its experts "will establish" that its members have suffered harms traceable to the Defendant's "unlawful idling." However, at the close of expert discovery, none of CLF's three (3) experts express have expressed any such opinion. To the contrary, CLF's experts cannot and will not testify that the Standing Witnesses have suffered concrete and particularized harm due to the instances of bus idling alleged in CLF's Amended Complaint. For this reason, among others, Academy moved, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence, to exclude the experts' testimony because it did not satisfy the "special relevancy" test of Rule 702. Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir. 1998) ("expert testimony must be relevant not only in the sense that all evidence must be relevant, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue").

In a reverse of course, CLF has now taken the position that it does not intend to rely on its experts to establish standing, or, to demonstrate that the identified Standing Witnesses has suffered a concrete and particularized harm. Instead, CLF asserts that the experts' testimony will be offered

to demonstrate the *type* of harm that some unspecified member may have suffered due to exposure to emissions theoretically generated, and hypothetically dispersed on the dates and times alleged in its complaint. Even if the testimony of Plaintiff's experts is to be offered for this more limited purpose, their testimony should be excluded because it does not apply reliable methods to the facts presented in this case. *See* Memorandum of Law in support of Academy's Motion to Exclude the Testimony of Plaintiff's Expert Witnesses ("Academy Memo. of Law"), doc. nr. 90 at pp. 15-17.

More importantly, CLF's concession that its experts are being offered merely for the purpose of "further demonstrat[ing]" the harm allegedly suffered by CLF's members, raises the fundamental question whether the experts can testify to *any* actual, concrete harm suffered by the Standing Witnesses. As described in detail in Academy's *Daubert* motion, based on the experts' disclosures and their admissions at deposition, the answer to this question is a resounding "No." For example, Dr. Mary Rice admitted that she has no knowledge of CLF members being exposed to vehicle exhaust from Academy's buses, that she never examined them, that she never considered the health impacts of such exposure on CLF's members, and moreover, that she did not consider the analysis performed by Plaintiff's other experts concerning the purported amount of pollutants from the instances of "excessive" idling by Academy's buses, or their dispersion. Deposition of Mary Rice, August 10, 2021, Ex. 2 to Affidavit of Counsel, doc. nr. 91 at p. 26:13-22, 11:20-12:15. Likewise, Dr. St. Denis has admitted that he did not evaluate, and thus has no opinion regarding the impact of the emissions he calculated *on CLF's members*, and has no knowledge as to whether those emissions detrimentally impacted them. Deposition of Michael St. Denis, August 25, 2021, Ex. 4 to Affidavit of Counsel, doc. nr. 91 at 38:8-20. Similarly, in his modeling exercise, Dr. Durant did not consider, and expresses no opinion on the impact of diesel exhaust from the instances of idling alleged in the Amended Complaint on CLF's members or the Standing

3

Witnesses.  Deposition of John Durant, September 2, 2021, doc. nr. 91 at pp. 98:23 – 99:9.  *See also* Academy Memo. of Law, doc. nr. 90 at pp. 4 - 9.  If CLF's experts are unable to provide testimony that, even by CLF's own description, "***demonstrates***" the harm allegedly suffered by its members, then their testimony is irrelevant and inadmissible under the standards of *Daubert* and Fed.R.Evid. 702.  The expert testimony ought only be considered – if at all – to the extent the expert is able to state that a particular Standing Witnesses has suffered a "particularized" harm.

Additionally, based on this new articulation of the purpose of CLF's experts, it is now clear that Plaintiff's Article III standing rises or falls solely on the ability of its Standing Witnesses to demonstrate a concrete and particularized harm without the aid of expert testimony.  To the extent CLF argues, in opposing the Standing Motion, that its experts "***will establish*** that CLF members have suffered harm," that argument should be disregarded.

## II.   THE CLEAN AIR ACT CASES CITED BY CLF IN ITS OPPOSITION ARE INAPPOSITE AND DISTINGUISHABLE FROM THE PRESENT MATTER

In support of its Opposition to Academy's *Daubert* motion, CLF cites to three courts across the country which purportedly considered the "type" of testimony offered by its experts in "similar" Clean Air Act cases, as support for its argument that the testimony of its experts is admissible in this case in order to "further demonstrate" the harm allegedly suffered by CLF's Standing Witnesses.  None of these cases are controlling law, and each of them are distinguishable from the present matter.

In <u>Utah Physicians for a Healthy Environment v. Diesel Power Gear LLC</u>, 374 F.Supp.3d 1124 (D. Utah 2019), the Utah district court considered the expert testimony from the same expert CLF has retained in this matter, Michael St. Denis, on the amount of excess pollutants generated by one of the defendant's vehicles.  Nothing in the cited <u>Utah Physicians</u> decision confirms the assertion made by CLF here, i.e., that the expert's testimony was admissible for the purpose of

demonstrating the harm allegedly suffered by plaintiff's members.[1]  Moreover, each of the standing witnesses identified by the plaintiff in that case, unlike the Standing Witnesses identified by CLF here, was able to articulate a concrete and particularized harm that, they showed, was attributable to the excess emissions generated by the defendants' vehicles.

CLF next points to Env't Texas Citizen Lobby v. Exxonmobil Corp., 968 F.3d 357 (5th Cir. 2020), as support for its argument that the testimony of its experts is relevant and admissible in this case.  However, the scale and scope of the pollution emitted by the defendant in Env't Texas Citizen Lobby, one of the largest oil refineries in the country, and the nexus of the harm suffered by persons who resided in the immediate vicinity of the refinery, is entirely different from the claims of "excess" emissions and harm asserted by CLF in this case.  Again unlike the present matter, in Env't Texas Citizen Lobby, the plaintiff easily demonstrated concrete and particularized harms that could be traced to emissions from the refinery; and on this basis, the court considered expert testimony concerning the impacts of these demonstrated emissions.

CLF's citation to Sierra Club v. Entergy Arkansas LLC, 503 F.Supp.3d 821 (E.D. Ark. 2020) to support its argument for the admissibility of its experts' testimony is likewise unavailing.  That matter concerned a motion to intervene brought by a unit of the State of Arkansas' Attorney General's Office in a Clean Air action brought by a citizens group.  The Court actually held that the intervenors *lacked* standing, and it denied intervention.  Id. at 859.  Additionally, the regulation at issue in that matter concerned the EPA's Regional Haze Rule and the Arkansas State Implementation Plan implementing it.  Unlike the present case, the plaintiff demonstrated actual harms to its members in violation of the Rule and its SIP, and to support the element of

---

[1] Likewise, the excerpt of the trial transcript in Utah Physicians that CLF has submitted in support of its Opposition, Ex. 3 to Declaration of Erica Kyzmir-McKeon, doc. nr. 97-1, is inconclusive on this point.

"traceability," it submitted expert testimony. In contrast, none of CLF's experts have offered any opinion that its Standing Witnesses have been harmed as a result of "excess" emissions from Academy's buses.

Finally, CLF cites to <u>United States v. Paul Revere Transportation, Inc.</u>, No. 1:06-cv-12297-GAO, brought in this court. The <u>Paul Revere</u> case is easily distinguishable from the present matter on the simple grounds that the plaintiff Environmental Protection Agency, unlike the plaintiff in this "citizen" lawsuit, does not need to show that representative "members" of the public suffered concrete and particularized harm from the defendant's actions, in order to establish standing.

## **CONCLUSION**

For the reasons set forth above, and in its Motion to Exclude the Testimony of Plaintiff's Expert Witnesses and supporting materials, the Court should exercise its gatekeeping function and order that the testimony of CLF's expert witnesses be excluded in their entirety.

       Respectfully submitted,
       ACADEMY EXPRESS, LLC,
       By its attorneys,

       */s/ Jon C. Cowen*
       Jon C. Cowen (BBO # 552961)
       jcowen@donovanhatem.com
       Adam C. Benevides (BBO # 673172)
       abenevides@donovanhatem.com
       Thomas D. Duquette, Jr. (BBO # 694846)
       tduquette@donovanhatem.com
       DONOVAN HATEM LLP
       53 State Street, 8th Floor
       Boston, MA 02109
       Telephone: (617) 406-4511
       Facsimile: (617) 406-4501

## **CERTIFICATE OF SERVICE**

  I, Jon C. Cowen, hereby certify that on December 13, 2021, the foregoing Reply Brief of Academy Express, LLC in Further Support of its Motion to Exclude the Testimony of Plaintiff's Expert Witnesses was filed through the Court's electronic filing system ("ECF"), by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

              */s/ Jon C. Cowen*
              Jon C. Cowen

4863-4039-6294, v. 1