UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
CONSERVATION LAW FOUNDATION, INC.,  )
                                    )
              Plaintiff,            )
                                    )
        v.                          )      CIVIL ACTION
                                    )      NO. 20-10032-WGY
ACADEMY EXPRESS, LLC,               )
                                    )
              Defendant.            )
                                    )
```

YOUNG, D.J.                                            July 10, 2025

## ORDER

Conservation Law Foundation, LLC ("Conservation Law") filed the operative complaint in this lawsuit against Academy Express, LLC ("Academy") on October 29, 2020, seeking to redress Academy's alleged Clean Air Act violations due to Academy's vehicles' exceeding state-set motor vehicle idling limits and thereby harming some of Conservation Law's members. Am. Compl., ECF No. 29. This Court granted Academy's motion for summary judgment on August 17, 2023, on the grounds that Conservation Law lacked Article III standing. Elec. Order, ECF No. 129; Mem. & Order, ECF No. 131; Conservation L. Found., Inc. v. Academy Express, LLC, 693 F. Supp. 3d 41 (D. Mass. 2023).

Conservation Law appealed, and the First Circuit Court of Appeals vacated this Court's decision, ruling that air pollutant exposure may constitute an injury-in-fact regardless of any

additional harms, and that a showing of geographic proximity alone may satisfy the traceability requirement for standing in Clean Air Act cases, such that "traceability may be simple at very close range," but "likely" requires "expert testimony explaining how the pollution travels to, and ultimately affects, those members" whose "testimony does not place them at or near the commuter stations." <u>Conservation L. Found., Inc.</u> v. <u>Academy Express, LLC</u>, 129 F. 4th 78, 87-88, 91-92 (1st Cir. 2025). The First Circuit remanded the case to this Court to determine which of Conservation Law's witness declarations and expert disclosures are part of the record, to make the fact findings necessary to assess traceability, and to apply the correct legal standards to those facts. <u>Id.</u> at 92-93; Mandate, ECF No. 138. This Order briefly sets out the Court's reasoning as to traceability.

This Court heard oral argument on the traceability issue on May 29, 2025. Elec. Clerk's Notes, ECF No. 154. The issue was fully briefed by both parties. Conservation Law's Supp. Mem. Traceability ("Pl.'s Mem."), ECF No. 151; Mem. Law Supp. Def. Academy's Renewed Mot. Summ. J. on the Issue of Standing ("Def.'s Mem."), ECF No. 152. The Court denied Academy's renewed motion for summary judgment at the hearing, pending a written order clarifying which of the six bus locations Conservation Law had standing to bring suit regarding, based on

[2]

an adequate showing of traceability. Elec. Clerk's Notes, ECF No. 154. This Court now rules that Conservation Law has standing to sue with respect to the Agganis Way, Cambridge Go, Wellington, and Newton Go locations, but not with respect to the Braintree and Bridgeport locations, and sets out its reasoning below.

First, Academy argues that none of Conservation Law's members has adduced a traceable injury-in-fact at any of the six locations at which Academy's buses are alleged to have excessively idled. Def.'s Mem. 1. The First Circuit, however, made clear that at least those members who are "squarely in the discharge zone" of harmful pollution may establish traceability without expert analysis, such as those of Conservation Law's members who regularly pass "directly by" the bus stops and stations at issue; and that, because Conservation Law alleges a pattern of idling spanning twenty-six days, there is "no need to show exposure to each individual emission in order to establish standing to complain of the general and repeated pattern of unlawful idling," including where members' alleged injury stems only from "avoid[ing] certain areas because of Academy's idling." Conservation L. Found, Inc., 129 F. 4th at 92 (quoting Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 162 (4th Cir. 2000)). Academy argues that its expert James M. Lyons' report shows that ambient pollution levels at

[3]

the three locations he examined were "***essentially zero*** as compared to background levels and in no instance caused or contributed to pollutant concentration levels at or above" the relevant Clean Air Act standard, and that Conservation Law presented no evidence showing emissions impacting its members at the other three stops, Def.'s Mem. 2., but this argument ignores the First Circuit's clear statement that exposure to harmful pollutants in itself -- that is, at levels not above the relevant standard -- may constitute a traceable injury-in-fact. Further, insofar as it suggests that Conservation Law's members may have been exposed to no excess pollution at all due to Academy's idling at any one location, this directly conflicts with Conservation Law's own expert reports suggesting that pollutants from Academy's idling buses travel at least one mile downwind. See Pl.'s Mem. 7-8.  Thus, as to those members alleging regular proximity to (or, to the extent that it is reasonable, avoidance of) an area within a mile of the relevant locations, this raises an issue of fact for the jury. See Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp., 207 F.3d 789, 793 (5th Cir. 2000) ("Although [the plaintiffs] must ultimately establish causation if they are to prevail on the merits, they need not do so to establish standing.").

"Although competing expert reports alone do not necessarily preclude summary judgment, where . . . experts each present more than 'merely conclusory allegations,' and the 'indisputable record facts' at this stage do not sufficiently 'contradict or render [either side's expert] opinion[s] unreasonable,' summary judgment is not appropriate." Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll. (Harvard Corp.), 346 F. Supp. 3d 174, 194 (D. Mass. 2018) (Burroughs, J.) (citations omitted). So here. Conservation Law points to members who regularly pass within some two hundred feet of the 33 Agganis Way, Cambridge Go Bus, Newton Go Bus, and Wellington stops and stations, Pl.'s Mem. 4-5, which members fit squarely with the geographical proximity standard adopted by the First Circuit. As Conservation Law summarizes, "[t]he traceability test is not one of tort causation, but rather, of whether the proximity is such that the plaintiff members' stake in the dispute is **personally experienced**." Id. at 3 (emphasis added). This Court therefore rules that Conservation Law has standing to sue as to these four locations.

As to the Braintree and Bridgeport locations, Conservation Law points to members who regularly use or avoid areas, respectively, 0.4-0.5 miles and 400-500 feet from the Braintree lot, and to one member who regularly uses areas between 0.3 and 0.4 miles from the Bridgeport lot, and relies on expert opinions

[5]

supporting the propositions that breathing motor vehicle exhaust can cause adverse health effects, that Academy's idling vehicles contribute to elevated levels of harmful pollutants, and that pollutants from Academy's idling travelled as far as one mile from the Braintree and Bridgeport bus lots.  Pl.'s Mem. 6-8.

There is, however, a wrinkle.  The First Circuit made clear in its opinion vacating the Order of this Court that "having only one member with standing does not necessarily establish standing for all claims," and that, in order to bring claims with respect to the locations where it alleges that excess idling took place, "CLF must show that it -- through its members -- had standing as of [October 29, 2020, the date of the Amended Complaint's filing] to bring its claims for each of its six asserted locations."  Conservation L. Found., 129 F. 4th at 85-86.  The First Circuit noted that nine of Conservation Law's original standing witnesses had joined the organization by October 29, 2020, and that those nine witnesses asserted standing to complain about Academy's idling with respect to five of the six stops or stations at issue here, that is, all but the Braintree location.  Id. at 86 & n.4.

Conservation Law has at no time produced a member who had standing to sue with respect to the Braintree location as of October 29, 2020.  The two witnesses for this location whom it relies on now, Nancy Dimock and Charles Darmstadt, Pl.'s Mem. 6,

[6]

joined Conservation Law in, respectively, August 2021 and April 2025, Ex. CLF Member Decls. 34, 36, ECF No. 151-2. This Court therefore rules that Conservation Law does not have standing to sue with respect to the Braintree location.

Similarly, as the First Circuit also noted, Kathleen Becker, who is the only member upon whose injury Conservation Law relied with respect to the Bridgeport lot at the time of the Amended Complaint's filing, was not a member of Conservation Law as of October 29, 2020. Conservation L. Found., 129 F. 4th at 86 & n.3. The member whom Conservation Law seeks to rely on now, William Finch, Pl.'s Mem. 6, joined Conservation Law in November 2023, Ex. CLF Member Decls. 40. Colin Antaya, whom Conservation Law also identifies as a member affected by Academy's idling at the Bridgeport location, was a member as of September 2020, but states in his Declaration that he began his current job in Bridgeport in September 2021; thus, he does not allege that he was harmed by Academy's idling as of the date of the Amended Complaint's filing. Id. at 38. This Court therefore rules that, on the record before it, Conservation Law does not have standing to sue with respect to the Bridgeport location.

In sum, this Court rules that Conservation Law has standing to sue, but only with respect to the Agganis Way, Cambridge Go, Wellington, and Newton Go bus locations. Academy's renewed

motion for summary judgment on the issue of standing, ECF No. 152, is therefore ALLOWED in part, as to the Braintree and Bridgeport locations only, and DENIED in part as to the other four locations.

    **SO ORDERED.**

                                      /s/ William G. Young
                                      WILLIAM G. YOUNG
                                      DISTRICT JUDGE