## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br>Plaintiff,<br><br>v.<br><br>ACADEMY EXPRESS, LLC.,<br>Defendant. | Case No. 1:20-cv-10032-WGY |

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br>Plaintiff,<br><br>v.<br><br>ACADEMY EXPRESS, LLC, DPV TRANSPORTATION, INC., and BOSTON CHARTER BUS, LLC,<br>Defendant. | Case No. 1:20-cv-10033-WGY |

### DEFENDANT ACADEMY EXPRESS, LLC'S MOTION TO BIFURCATE TRIAL

Defendant Academy Express, LLC (herein "Academy") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 42(b), to bifurcate trial into separate phases first addressing CLF's standing as a threshold issue, and then bifurcating (1) the liability phase, and (2) the penalty phase, if necessary. Bifurcation will promote judicial economy, conserve resources, and avoid undue prejudice.[1]

---

[1] Academy previously requested that the trial of this matter be bifurcated in the parties' Joint Pretrial Memorandum, filed on September 19, 2025. (ECF 190) Academy brings the within Motion to further articulate the basis for its request that the trial be bifurcated.

Standing is a threshold jurisdictional issue that must be resolved before this case can proceed further. Only if Plaintiff Conservation Law Foundation, Inc. (herein, "CLF") establishes standing by a preponderance of the evidence can the Court proceed to a determination of the merits. If standing is established, then bifurcation into a liability phase and, if necessary, a penalty phase will ensure an orderly and efficient trial. Liability turns solely on whether Academy violated the Massachusetts anti-idling provisions under the Clean Air Act and the State Implementation Plan, whereas civil penalties would only need to be considered in the event the Court finds that one or more violations occurred, and if so, what penalty should be imposed based on the consideration of separate statutory factors. Dividing the trial in this manner will streamline the proceedings, limit the presentation of unnecessary evidence, and ensure the efficient and fair adjudication of this matter.

## ARGUMENT

### I.    Legal Standard

Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The moving party bears the burden of proving that separate trials are justified. *Chapman ex rel. Estate of Chapman v. Bernard's Inc*., 167 F. Supp. 2d 406, 417 (D. Mass. 2001) (separate trial may be appropriate where a single issue could be dispositive of the entire case). The bifurcation decision is a matter within the Court's sound discretion. *Gonzalez-Marin v. Equitable Life Assurance Soc'y of U.S*., 845 F.2d 1140, 1145 (1st Cir. 1988) (Rule 42(b) motion is a matter peculiarly within the discretion of the trial court). Courts have repeatedly recognized that bifurcation is appropriate where, as here, it would streamline complex proceedings, narrow the issues for decision, and avoid the unnecessary introduction of

evidence. *See e.g., Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1140 (9th Cir. 1998) (affirming bifurcation of liability and penalty proceedings in a Clean Water Act citizen suit); *United States v. Acquest Transit LLC*, 2021 WL 809984 (W.D.N.Y. 2021) (trying liability first and reserving penalty for a subsequent determination by the court). Bifurcation is also appropriate where evidentiary issues overlap only at the margins. *See e.g., Doe No. 1 v. Knights of Columbus*, 930 F.Supp.2d 337, 382 (D.Conn. 2013) (finding "although there is necessarily a limited amount of evidentiary overlap," such overlap did not preclude bifurcation which would streamline the case).  Evidence relevant to penalty determinations, such as compliance history, economic benefit, duration, and good faith efforts to comply, is distinct from the elements of liability and, if introduced prematurely, will unnecessarily expand the scope of evidence necessary to establish standing, and subsequently for the determination of liability.

## II.    Standing

Standing is a jurisdictional issue that must be resolved by the Court before the case can proceed on the merits. "Standing is a threshold issue, determining whether the court has the power to hear the case, and whether the putative plaintiff is entitled to have the court decide the merits of the case." *Physician's Healthsource, Inc. v. Vertex Pharm. Inc*., 247 F. Supp. 3d 138, 146 (D. Mass. 2017). The Supreme Court has emphasized that standing is "not a mere pleading requirement[ ] but rather an indispensable part of the plaintiff's case," which must be supported "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Thus, where, as here, standing remains controverted at trial, the specific facts "must be 'supported adequately by the evidence adduced at trial.'" *Nantucket Residents Against Turbines v. U.S. Bureau of Ocean Energy Mgmt*., 675 F. Supp. 3d 28, 39 (D. Mass. 2023). As the Fifth Circuit recently confirmed, "in cases that proceed to trial,

standing must be established by a preponderance of the evidence." *Env't Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 123 F.4th 309, 318 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2845 (2025).

Before the Court or the parties devote substantial resources to litigating either liability or penalties (the latter in the event there is a finding of liability), CLF must first establish that it has constitutional standing to bring these claims. Because standing is jurisdictional, it must be resolved at the outset of trial. CLF has identified a number of members it will rely upon to establish its standing in the Joint Pretrial Memorandum. (ECF 190). By addressing standing first, the Court can ensure that Plaintiffs' threshold showing is satisfied through the testimony of these witnesses before the parties embark on a broader presentation of the merits. Otherwise, the Court risks conducting a full trial on issues for which it may ultimately conclude it has no subject matter jurisdiction, either because Plaintiffs' members lack standing or because CLF has not demonstrated that Academy violated the Clean Air Act or the Massachusetts State Implementation Plan ("SIP").

Courts have recognized that bifurcation of standing is appropriate where it streamlines litigation by resolving jurisdictional issues before reaching the merits. In *Anderson v. SeaWorld Parks and Entertainment, Inc*., the court granted bifurcation, reasoning that the evidence required to establish standing was separable from the merits and that resolving standing first could eliminate the need for a full trial. 2019 WL 13166750 (N.D. Cal. 2019). Likewise, in *Hoffman v. Goli Nutrition, Inc*., the court noted that the dispositive nature of the standing inquiry favored bifurcation. 2025 WL 2459081 (2025). The Joint Pretrial Memorandum in this case underscores the need for this approach here. The parties intend to present extensive fact witnesses, member testimony, and expert opinion spanning a variety of disputed issues well beyond standing. These include whether or not particular instances of alleged bus idling violated the Clean Air Act and the

Massachusetts SIP; whether the instances of idling were "necessary" under the Massachusetts SIP; whether the alleged instances fall within regulatory exceptions; and the extent of harm allegedly suffered by CLF's members. CLF also seeks remedies ranging from declaratory and injunctive relief to civil penalties, which would require, *inter alia*, the presentation of evidence concerning Academy's compliance history, economic benefit, and good faith efforts to comply with the Clean Air Act and the Massachusetts SIP. Requiring all these matters to be litigated simultaneously would risk conflating the Court's threshold jurisdictional inquiry with the merits and penalty determinations. By contrast, bifurcating the trial ensures that standing is resolved at the outset, narrowing the evidence that must be presented, and conserving valuable judicial and party resources.

### III.    Phase 1: Liability

Should the Court determine that Plaintiffs have established standing, the case could then proceed to a liability phase. This phase should be confined to determining whether or not Academy violated the Massachusetts SIP. Liability is a discrete inquiry, distinct from penalty considerations, *see Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 2 (D.P.R. 1997), and should be adjudicated on a clean record without the distraction of evidence relevant only to the assessment of a remedy in the event the Court finds that a violation occurred.

The Clean Air Act's citizen suit provision permits private enforcement only within narrow limits. Plaintiffs must demonstrate that the alleged conduct constitutes a violation of "an emission standard or limitation under [the Act]" or of an order issued with respect to such a standard. 42 U.S.C. § 7604(a)(1). Article III further constrains that authority by requiring that Plaintiffs connect alleged violations to concrete injuries of their members. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The liability inquiry in this case is narrow and fact-specific:

whether Academy engaged in "unnecessary" idling of its buses. Evidence relevant to liability will focus on discrete operational facts specific to establishing whether instances of "excessive" idling actually occurred. The Joint Pretrial Memorandum itself reflects this framing, with CLF identifying idling reports, investigator observations, and CLF member testimony as the evidence it intends to rely upon to establish such violations. *See* ECF 190 at Appendix C-1.

Federal courts have recognized the utility of bifurcating liability from remedies in Clean Air Act cases. *See United States v. Ameren Missouri*, 9 F.4th 989 (8th Cir. 2021) (district court bifurcated the proceedings into a liability phase and a remedy phase). In the liability phase, the court determined whether the defendant violated the Clean Air Act by undertaking major modifications without required permits; only after liability was established did the court proceed to the remedy phase which included a consideration of whether equitable relief, tailored to mitigate excess emissions, was warranted. *Id.* at 998. The Eighth Circuit recognized that this bifurcated approach, separating liability from remedies, facilitated the orderly presentation of evidence and conserved judicial resources. *Id.* That model applies with equal force here, since liability must be established before penalty factors, equitable considerations, and compliance history need or should be considered by the Court.[2] Other courts have also recognized that separating liability from penalty "avoids prejudice, expedites resolution, and economizes on resources." *Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 2 (D.P.R. 1997).

Conversely, merging the presentation of evidence concerning liability with evidence on the assessment of potential remedies would be both inefficient and prejudicial. The presentation of evidence concerning the possible imposition of a penalty, including economic analyses,

---

[2] Academy expects CLF to argue that bifurcation is unnecessary because this case is jury-waived. However, as noted above, bifurcation is a matter within the sound discretion of the trial court and will allow for a more streamlined and efficient presentation of the evidence in each proposed phase.

compliance history, and remedial efforts, is not probative of liability and risks diverting attention

from the discrete question of whether any violations occurred.  *See U.S. v. Eureka Pipeline Co.*,

401 F.Supp. 934 (D.C.W.Va. 1975) (distinguishing environmental statutory violations from the

penalties that could be assessed and defenses that mitigate those penalties).

A stand-alone liability phase would also ensure that the Court resolves the essential merits

questions efficiently and without prejudice. Just as in *Ameren Missouri*, the Court should first

determine whether any violations occurred, reserving the more complex and wide-ranging penalty

issues for a separate phase. This approach will limit the scope of the liability phase to whether

Plaintiffs can prove violations of the Massachusetts SIP, will preserve the distinction between

merits and remedy, and will ensure that evidence regarding the imposition of a penalty will not

interfere with the factfinding on liability. Only if Plaintiffs prevail in this phase should the Court

proceed to consider an appropriate remedy in a second phase of trial.

## IV.    Phase 2: Penalties

In the event CLF demonstrates both standing and liability, the Court should then proceed

to a separate phase of the trial to ascertain the appropriate remedy and/or the imposition of

penalties.  Under 42 U.S.C. § 7413(e), the court is to consider various factors, including the

seriousness of the violation, the violator's full compliance history, the duration of the violation,

any economic benefit of noncompliance, and good faith efforts to comply with the Act. None of

these factors are relevant to the determination of liability." *Env't Texas Citizen Lobby, Inc. v.*

*ExxonMobil Corp*., 123 F.4th 309, 318 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2845 (2025).

In *Tull v. United States*, 481 U.S. 412, 421 (1987), the Supreme Court confirmed that while

defendants are entitled to a trial on liability, civil penalties under analogous environmental statutes

are reserved for a subsequent judicial determination. Following *Tull*, courts routinely bifurcate

liability from penalty proceedings in environmental enforcement actions to streamline trials and ensure efficient case management. *See e.g. U.S. v. Hamilton,* 2013 WL 819243 (D. Wyo. 2013) (bifurcation in Clean Water Act case), *United States v. Acquest Transit LLC*, 2021 WL 809984 (W.D.N.Y. 2021); *Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1140 (9th Cir. 1998); *United States v. Ameren Missouri*, 9 F.4th 989 (8th Cir. 2021).

Academy expects that CLF will argue that there is overlap between liability evidence and the evidence relevant to the penalty factors under § 7413(e). However, the statute itself makes clear that penalty evidence is distinct from evidence of liability. Proof of compliance history, duration, economic benefit, and good faith efforts are expressly enumerated as penalty considerations, not as elements of liability. To the extent some witnesses may touch on both subjects, the Court can manage that testimony without conflating the phases. Bifurcating the trial in this manner will ensure that the Court addresses the potential remedy only if necessary and only after liability has been established. This sequencing also respects Congress's allocation of authority under the Clean Air Act, prevents unnecessary evidence from entering the liability phase, and promotes efficient and fair resolution of the case.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court bifurcate the trial of this matter into the phases described above.

Dated: October 8, 2025

Respectfully submitted,
ACADEMY EXPRESS, LLC,

By its attorneys:

*/s/ Jon C. Cowen*
Jon C. Cowen (BBO No.: 552961)
Jennifer A. Whelan (BBO No: 631519)
Alexander C. Teschemacher (BBO No.: 695597)
Mikaela K. Barbour (BBO No.: 714864)
MG+M THE LAW FIRM
125 High Street, Oliver Street Tower
6th Floor
Boston, MA 02110
Telephone: (617) 406-4511
Facsimile: (617) 406-4501
jcowen@mgmlaw.com
jwhelan@mgmlaw.com
ateschemacher@mgmlaw.com
mbarbour@mgmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, the foregoing Defendant Academy Express, LLC's Opposition to Plaintiff's Motion to File a Reply was filed through the Court's electronic case filing system, by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Alexander C. Teschemacher*
Alexander C. Teschemacher

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

I hereby certify that Academy has met and conferred with Plaintiff in a good faith effort

to resolve this dispute.

/s/ *Jon C. Cowen*
Jon C. Cowen